## 16159. GEORGIA RAILWAY & POWER COMPANY *v.* CLORE.

There is sufficient evidence to support the finding of the member of the industrial commission before whom the case was heard, in denying compensation, and the judge of the superior court erred in overruling his judgment.

DECIDED OCTOBER 6, 1925.

Appeal; from Whitfield superior court—Judge Tarver. December 19, 1924.

*B. K. Godfrey, Maddox, Maddox & Mitchell,* for plaintiff in error.

*W. C. Martin, W. M. Sapp,* contra.

BLOODWORTH, J. This case arose under the workmen's compensation law of Georgia. The defendant in error filed a claim with the industrial commission, asserting a right to recover compensation on account of the death of her husband while he was in the employ of the Georgia Railway & Power Company. The case was tried by one of the commissioners, who denied to the applicant the right to recover. The findings of fact by the commissioner, his "decision and judgment," were in part as follows: "At about 6:45 a. m., January 30, 1924, in the City of Dalton, Whitfield county, Georgia, S. T. Clore, an employee of the Georgia Railway & Power Company, was killed by a passenger-train on the track of the Nashville, Chattanooga & St. Louis Railroad, a distance of about 250 yards from the substation of the employer in this case. The accident occurred about fifteen minutes before the hour of beginning work. . . As this accident was one that did not arise out of and in the course of the employment of Mr. Clore, the accident having occurred upon the right of way of the N., C. & St. L. Railway, before the premises of the employer were reached, and there being no evidence that the contract of employment was of such nature as to take care of the risk of the employee going and returning from his work, an award must be denied and the case dismissed."

The deceased was killed on his way to work at a substation of the Georgia Railway & Power Company, and before he reached the premises of the company, and while he was walking along a route of his own selection. In order that there may be a recovery under the provisions of the workmen's compensation act as amended

(Ga. L. 1920, p. 167; Ga. L. 1922, p. 185), the injury must be one which "arises out of and in the course of employment." In the McNicols case, 215 Mass. 498 (1) (102 N. E. 697, L. R. A. 1916A, 306), in construing the provisions of an act similar to ours, the Supreme Court of Massachusetts said: "In order that compensation may be due the injury must both arise out of and also be received in the course of the employment. Neither alone is enough. It is not easy nor necessary to the determination of the case at bar to give. a comprehensive definition of these words which shall accurately include all cases embraced within the act and with precision exclude those outside its terms. It is sufficient to say that an injury is received 'in the course of' the employment when it comes while the workman is doing the duty which he is employed to perform. It 'arises out of' the employment, when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which can not fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence." At the time of the injury in the instant case the deceased was not engaged in performing any service for the company for which he was employed, and therefore the accident did not arise "in the course of" the employment. At the place of the injury he was exposed to no greater risk by reason of his employment than was any one of the public traveling the same route. It thus does not appear to the rational mind, upon consideration of all the

circumstances, that there is "a causal connection between the conditions under which the work is required to be performed and the resultant injury;" nor does it appear that the injury had "its origin in a risk connected with the employment and that it flowed from that source as a natural consequence." Therefore the injury did not arise "out of" the employment. In support of the foregoing proposition see Hills v. Blair, 182 Mich. 20 (148 N. W. 243); Fumiciello's case, 219 Mass. 488 (107 N. E. 349); DeConstantin v. Public Service Commission, 75 W. Va. 32; United Disposal Co. v. Industrial Commission, 291 Ill. 480 (126 N. E. 183). Moreover, it does not appear that the employer was apprised of the fact that the deceased was using the route over which he was traveling when killed, or that at the time the contract of employment was made with the deceased it was in contemplation of the parties that he should be compensated for an injury which might occur as did this one. As far as the record shows, the engine which struck the deceased was in no way under control of the Georgia Railway & Power Company, nor was it engaged in any work for or in behalf of this corporation.

The decision of the commissioner, denying compensation to the applicant, is supported by the evidence, and the judge of the superior court erred in overruling his judgment.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*