17554.   NORWICH UNION INDEMNITY COMPANY *et al. v.* JOHNSON.

The award of compensation by the industrial commission in this case, for the death of an employee who was run over by a truck from which he fell when attempting to get on it in order to go to his work, was not authorized by the evidence, there being no evidence that would authorize a finding that the injury which caused his death arose out of and in the course of his employment.

DECIDED DECEMBER 14, 1926.   REHEARING DENIED JANUARY 11, 1927.

Appeal; from Fulton superior court—Judge E. D. Thomas. June 3, 1926.

Application for certiorari was denied by the Supreme Court.

Workmen's Compensation Acts, C. J. p. 72, n. 69; p. 115, n. 37.

Walter Moton was a laborer employed in road construction by the MacDougald Construction Company, and lived with the cook at the company's camp, about a half mile from where the work in which he was employed was going on. He left the camp in the morning, shortly before the time for starting to work, and attempted to board a moving truck which was going to his place of work, his foot slipped when he was trying to catch hold of the rail of the truck, and he fell and received injuries which caused his death. The truck was used by the construction company for hauling things needed in its work and was taking a load to the place of work when the deceased attempted to board it. Two men were riding on it besides the driver. The company's superintendent, who had supervision and control of its trucks and workmen, testified that no arrangement for transportation of the men was made when he hired them, but that there was no objection to their riding on the trucks on their way to work if the truck was not loaded and was not running at the time of catching it; that it was in the driver's discretion whether he would let them ride or not; it was customary for employees to catch a truck when they had a chance, but he had given specific instructions not to catch a running truck; that he "never fired one for doing it." Compensation for the death was awarded by the industrial commission, and on appeal the award was affirmed by the judge of the superior court.

R. L. Clement, Bryan & Middlebrooks, J. A. Dunaway, for plaintiff in error.

J. C. Bowden, J. Wightman Bowden, contra.

LUKE, J. The exceptions in this case are to the affirmance by the superior court of an award under the workmen's compensation act. The sole question to be determined is whether or not the employee was injured at the time and in the course of employment. Under subsection d of subsection 8 of section 2 of the workmen's compensation act, a personal injury to an employee means injury by an accident arising out of and in the course of employment. The record fails to show that at the time of the injury in question the employee was actually engaged about the work of his employer, and the evidence fails to disclose that his injury was occasioned in the course of employment. There being no evidence which would authorize a finding that the injury arose out of and in the course of employment, upon the authority of Ga., Ry. & Power Co. v.

*Clore,* 34 *Ga. App.* 409 (129 S. E. 799) ; see also *Ga. Casualty Co.* v. *Martin,* 157 *Ga.* 909 (122 S. E. 881), the court erred in affirming the award of the industrial commission.

*Judgment reversed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*