COOPER *v.* LUMBERMEN'S MUTUAL CASUALTY
COMPANY *et al.*

No. 9931.   AUGUST 9, 1934.

260

*Parks, Garrett & McDonald,* for plaintiff.
*Wilson, Bennett & Pedrick,* for defendants.

BELL, J. (After stating the foregoing facts.) Where in the trial of a case before the Department of Industrial Relations it

appeared from the evidence that the place of actual work of the employee, who was paid by the day, was in the woods twenty miles from his residence, which was near the mill of his employer, and that he came to the mill each morning to catch a truck of a third person in order to obtain a free ride to his place of work, doing this with the knowledge, consent, and expectation of his employer, but without any express agreement between him and his employer or between the employer and the owner of the truck as to such transportation, and the employee was thrown from the truck and killed when one of the wheels jarred from running over some object which fell off the truck into the highway, the department was authorized to find that the injury and death of such employee arose out of and in the course of his employment. This is true notwithstanding the testimony of the manager of the employer company that the pay of the employee began "when he got to the woods," and that if he had not reached the woods until noon he would have been paid for a half-day only; the witness further testifying that he did not know "when his time was figured from." The testimony of a witness is to be considered as a whole, and not in disjointed parts. Nor is the Department of Industrial Relations bound in every case to accept the literal statements of a witness before it merely because such statements are not contradicted by direct evidence. Implications inconsistent with the testimony may arise from the proved facts; and in still other ways the question of what is the truth may remain as an issue of fact despite uncontradicted evidence in regard thereto. *Macon Consolidated Street Railroad Co.* v. *Barnes,* 113 *Ga.* 212 (8) (38 S. E. 756); *Whiddon* v. *Hall,* 155 *Ga.* 570 (6) (118 S. E. 347); *Redd* v. *Lathem,* 32 *Ga. App.* 214 (123 S. E. 175). Under the circumstances shown by the evidence in this case, the department was authorized to find that the real beginning of the daily employment was at the mill, and that the employee was actually in the service of the company at the time and place of his injury. *New Amsterdam Casualty Co.* v. *Sumrell,* 30 *Ga. App.* 682 (118 S. E. 786); *United States Fidelity & Guaranty Co.* v. *Waymick,* 42 *Ga. App.* 177 (155 S. E. 366), affirmed in 173 *Ga.* 67 (159 S. E. 564).

The instant case differs on its facts from the case of *Savannah River Lumber Co.* v. *Bush,* 37 *Ga. App.* 539 (140 S. E. 899), in which the alleged employee was paid for cutting and drifting logs

at so much per thousand feet, and was not on the time of the lumber company in going to and from work; nor was the company in any manner concerned with his transportation. In the present case, the evidence authorized the inference that the employee was using a means of transportation intended by each of the parties to the contract of employment, and that in so doing he was in the course of his employment, although he was to perform the more arduous task of his employment in the woods some twenty miles from the mill. The present case is also unlike the other cases relied on by counsel for the employer, some of which are cited by the Court of Appeals.

We do not say that the evidence demanded a finding in favor of the claimant. It is unnecessary to determine that question. It is our opinion that the department was at least authorized to find as it did, and in such cases the court can not reverse the findings on what may be termed the general grounds. *Maryland Casualty Co.* v. *England*, 160 *Ga.* 810 (129 S. E. 75).

*Judgment reversed. All the Justices concur.*