26259. AMERICAN MUTUAL LIABILITY INSURANCE Co. *et al.*
*v.* CURRY.

STEPHENS, P. J. 1. Where a cotton-oil mill which employed a number of men operated a truck driven by one of its employees to and from the mill, and permitted, with its knowledge and consent, employees of the mill who lived at a distance a mile or more therefrom, and who wished to be transported to and from the mill on the truck, to ride on the truck to and from their work, the truck arriving at the mill shortly before the time for the beginning of work in the mornings and leaving the mill after the cessation of work in the afternoons, and where this practice had been a general custom for years, although this was not expressly a part of the contract of employment, and although the time of employment for which wages were paid did not begin until the employees reached the mill, and ceased before the truck left in the afternoons, the inference is authorized that the custom of hauling the employees to and from the mill on the truck of the employer became a part of the contract of employment by implication, and that where one of the employees, when returning from the mill on the truck, was injured by falling from the truck his injury arose out of and in the course of the employment. *Cooper* v. *Lumbermen's Mutual Casualty Co.*, 179 *Ga.* 256 (175 S. E. 577, 97 A. L. R. 556).

2. The Department of Industrial Relations was authorized under the evidence to find that the person injured, who was the husband of the claimant, was an employee of the defendant oil-mill, and that his injury arose out of and in the course of the employment. There being no other issue presented, the judge of the superior court did not err in affirming the award. *Judgment affirmed. Sutton and Felton, JJ., concur.*
DECIDED OCTOBER 5, 1937. REHEARING DENIED DECEMBER 9, 1937.

*Neely, Marshall & Greene,* for plaintiffs in error.
*J. M. Hancock, Thomas A. Jacobs Jr.,* contra.

