32743. HAMNER *et al.* v. WHITE.

DECIDED DECEMBER 5, 1949. REHEARING DENIED DECEMBER 17, 1949.

*W. L. Nix, A. G. Liles,* for plaintiffs in error.
*Wheeler, Robinson & Thurmond,* contra.

GARDNER, J. The defendants claim that the award of the board is contrary to law, in that the evidence demanded a finding that the death of the claimant's husband did not arise out of and during the course of his employment.

Findings of fact of the Workmen's Compensation Board are conclusive on the courts where there is any evidence to support them. *Butler* v. *Mitchell*, 49 *Ga. App.* 315 (175 S. E. 271), and citations. The evidence before the single director here authorized the finding of fact and the conclusion of law reached by him, namely, that the deceased was in the employ of the defendants at the time of his death, and that his death arose out of and in the course of such employment. The director planted his award upon the case of *Cooper* v. *Lumbermen's Mutual Casualty Co.*, 179 *Ga.* 256, 260 (175 S. E. 577), wherein it is held: "Where in the trial of a case before the Department of Industrial Relations it appeared from the evidence that the place of actual work of the employee, who was paid by the day, was in the woods twenty miles from his residence, which was near the mill of his employer, and that he came to the mill each morning to catch a truck of a third person in order to obtain a free ride to his place of work, doing this with the full knowledge, consent, and expectation of his employer, but without any express agreement between him and his employer or between the employer and the owner of the truck as to such transportation, and the employee was thrown from the truck and killed when one of the wheels jarred from running over some object which fell off the truck into the highway, the department was authorized to find that the injury and death of such employee arose out of and in the course of his employment. This is true notwithstanding the testimony of the manager of the employer company that the pay of the employee began 'when he got to the woods,' and that if he had not reached the woods until noon he would have been paid for a half day only, the witness further testifying that he did not know 'when his time was figured from.' The testimony of a witness is to be considered as a whole, and not in disjointed parts. Nor is the Department of Industrial Relations bound in every case to accept the literal statements of a witness before it merely because such statements are not contradicted by direct evidence."

While the evidence shows that the deceased was paid from the time he started work at the mill, and that the time he was riding on the truck going to and from his work was not counted, the director was authorized to find that he was actually in the

service of the defendants while he was riding to and from his work on this company truck, and that the real beginning of his work was when he boarded the truck to go to the mill. In *Cooper v. Lumbermen's Mutual Casualty Co.*, supra (p. 261), it is held: "Implications inconsistent with the testimony may arise from proved facts; and in still other ways the question of what is the truth may remain as an issue of fact despite uncontradicted evidence in regard thereto."

This case is like that of *Liberty Mutual Insurance Co.* v. *Mangham*, 56 *Ga. App.* 498 (193 S. E. 87), and similar cases, and is almost on all-fours with the *Cooper* case, supra. We find nothing in *American Mutual Liability Insurance Co.* v. *Curry*, 187 *Ga.* 342 (200 S. E. 150), and *Georgia Ry &c. Co.* v. *Clore*, 34 *Ga. App.* 409 (129 S. E. 799), to the contrary. The facts in the *Georgia Railway Co.* case, supra, clearly, differentiate it from the instant case. Regarding *American Mutual Liability Insurance Co.* v. *Curry*, the Supreme Court distinguished *Cooper* v. *Lumbermen's Mutual Casualty Co.* from that case, hence there is no need for our endeavoring to distinguish it here. The Supreme Court in *American Mutual Liability Insurance Co.* v. *Curry*, supra, dealt at considerable length to distinguish it from the *Cooper* case, and we are bound by the distinction. Moreover, the *Cooper* case was by a full bench, and the *American Mutual Liability Insurance Co.* case was not by a full bench. The principles in the *Cooper* case, and not those in the *American Mutual Liability Insurance Co.* case, apply here if there should be any conflict between the two cases. It is our opinion that there is no conflict.

It follows that the judge of the superior court did not err in affirming the award of the full board, which affirmed the award of the single director.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*