35111. BITUMINOUS CASUALTY CORP. *et al.* v. HUMPHRIES *et al.*

272

DECIDED NOVEMBER 9, 1954—REHEARING DENIED DECEMBER 8, 1954.

*Gambrell, Harlan, Barwick, Russell & Smith, M. Cook Barwick, Charles A. Moye, Jr.,* for plaintiffs in error.

*Kenyon, Kenyon & Gunter, Ferdinand Buckley, Marshall, Greene & Neely,* contra.

QUILLIAN, J. Essential to the recovery of compensation, under the provisions of our Workmen's Compensation Act, is that the relationship of employee and employer exist between the claimant and the person against whom the award is entered.

The Compensation Act defines an employer as follows: " 'Employer' shall include . . . any municipal corporation within the State, and any political division thereof, and any individual, firm, association, or corporation engaged in any business operated for gain or profit, except as hereinafter provided, and the receiver or trustee of the same, . . . and the legal representative of a deceased employer, using the service of another for pay. If the employer is insured this term shall include his insurer as far as applicable." Code (Ann. Supp.) § 114-101.

Counsel have discussed in interesting and informative briefs the question of whether the control exercised over Humphries by Dorsey Brothers and C. E. Dorsey respectively, while he was furnished by the former to the latter to operate the bulldozer referred to in the statement of facts in this case, constituted Humphries the employee of the partnership or of C. E. Dorsey. Authoritative decisions in reference to the rules applicable to a situation in which one party furnishes his general employee to another to do some particular work have been cited.

However, under the facts disclosed by the record in this case, no question of whether Humphries was the general employee of one and the special employee of the other is involved.

The undisputed testimony of P. S. Dorsey was that Humphries was furnished transportation by Dorsey Brothers from his residence to their sawmill where was kept the bulldozer that he was employed to operate, and that he customarily began his day's work at the sawmill.

This witness further testified without contradiction that C. E. Dorsey had authority, under his agreement with Dorsey Brothers, to obtain the bulldozer and Humphries to operate it at Dorsey Brothers' sawmill. His testimony was as follows: "In your contract of employment with Mr. Humphries and your agreement with your brother, was it customary for Mr. Humphries to come and get your bulldozer and work for your brother?" "As he needed it to work, that was the understanding that he already made with me, any time he needed it and if it was available or if I didn't have it in use, he had authority to direct him to his job." There is no evidence in the record that the parties contemplated that he would have the right to summon Humphries under the terms of that agreement from any other place.

There is no competent evidence in the record authorizing a finding that Humphries was the employee of Dorsey Brothers, and consequently the award in his favor against Dorsey Brothers is without evidence to support it. The judgment of the superior court affirming that award must be reversed.

C. E. Dorsey, through a channel chosen by him, offered Humphries employment. The offer was unqualified and subject to immediate acceptance. Humphries, as soon as the offer was communicated to him, accepted it in good faith and entered upon the discharge of the duties of his employment. This constituted a valid contract creating the relationship of employer and employee.

While, as above stated, the relationship of employer and employee must exist between the claimant and one of whom he recovers compensation, it is not a requisite to the claimant's right of recovery in a case arising under the Workmen's Compensation Act that the claimant, at the time he is injured, know whom he is employed by, or for whom he is rendering the services out of which his injury arises. It is often the case that, as in the instant case, the employee on account of a peculiar combination of circumstances does not know who his employer is. It is enough that the relationship existed when the injury occurred. So it does not matter that Humphries, when he responded to C. E. Dorsey's summons, did not know whether the fire was at Dorsey Brothers' mill or at the mill site of C. E. Dorsey, or at which place he was to work.

The next question for determination is whether the claimant was injured by an accident arising out of and in the course of his employment. Code (Ann. Supp.) § 114-102.

Ordinarily, when an employee for whom his employer does not furnish transportation to and from the place of employment is accidentally injured en route to work, the accident does not arise out of his employment. *American Mut. Liability Ins. Co.* v. *Curry*, 187 *Ga.* 342 (200 S. E. 2d 150); *Wilcox* v. *Shepherd Lumber Corp.*, 80 *Ga. App.* 71 (55 S. E. 2d 382). However, when an employee is permitted or required by his master to perform a part of the work contemplated by the contract of employment, or some act incidental thereto and beneficial to the employer, while en route to work, and is accidentally injured,

the injury arises in the course of his employment. *Maryland Cas. Co.* v. *Sanders*, 49 *Ga. App.* 600 (176 S. E. 104).

In the instant case, the employee, Humphries, was summoned by his employer, C. E. Dorsey, to assist in extinguishing a fire, and for the purpose of preventing it from reaching the latter's sawmill by cutting certain fire lanes with a bulldozer. It was necessary for him to procure the bulldozer from a place other than that where the fire was threatening his special employer's mill, and where he was to use it in preventing the fire from reaching the mill by cutting fire lanes. In such circumstances, traveling to the place where the bulldozer was to be obtained by him was incidental to Humphries' employment and in the course of his employment. The injury that he received while thus employed was by an accident arising out of and in the course of his employment, which was beneficial to his employer.

This court has held that, when an employee is injured during his period of employment at a place where the employee may reasonably be expected in the performance of his duties, he is in the course of his employment; and in *U. S. Fidelity &c. Co.* v. *Waymick*, 42 *Ga. App.* 177, 180 (155 S. E. 366), it is said: "To warrant a recovery in this case the injury must have arisen both out of and in the course of the employment. 'An injury arises "in the course of employment," within the meaning of the Workmen's Compensation Act, when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto. . . An accident arises "out of" the employment when it arises because of it, and when the employment is a contributing proximate cause. . . If the work of an employee or the performance of an incidental duty involves an exposure to the perils of the highway, the protection of the compensation act extends to the employee while he is passing along the highway in the performance of his duties.' The foregoing is quoted from the second headnote of the decision in *New Amsterdam Casualty Co.* v. *Sumrell*, 30 *Ga. App.* 682, 689 (118 S. E. 786). See also *Ga. Ry. & Power Co.* v. *Clore*, 34 *Ga. App.* 409 (129 S. E. 799), and the leading case of McNicol, 215 Mass. 498 (1) (102 N. E. 697, L. R. A. 1916A, 306) quoted in both of the foregoing Georgia

cases. The following cases also bear upon the questions of law presented by the record in this case: *Maryland Casualty Co. v. Peek*, 36 *Ga. App.* 557 (137 S. E. 121) ; *Holliday* v. *Merchants & Miners Transportation Co.*, 32 *Ga. App.* 567 (124 S. E. 89).'' The evidence demanded the finding that the claimant was the employee of C. E. Dorsey at the time of his accident and not of the partnership.

Consequently this case is reversed, with direction to the superior court, that the judgment affirming the award of the Workmen's Compensation Board be vacated and a judgment be entered in its stead directing the Workmen's Compensation Board to vacate the award appealed from, and enter an appropriate award in favor of the claimant Humphries for such compensation as he is entitled to, calculated on the basis of his salary at $35 per week.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*