35545. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al.*
*v.* CASEY.

CARLISLE, J. 1. Although, in workmen's compensation cases, the burden of proof is on the claimant to show that the injury to the employee arose both out of and in the course of his employment (*Aetna Casualty & Surety Co.* v. *Watson,* 91 *Ga. App.* 657, 86 S. E. 2d, and citations),

a finding by the State Board of Workmen's Compensation that the claimant has carried such burden of proof is conclusive upon the courts of this State if there is any evidence to support such finding. *Montgomery* v. *Maryland Casualty Co.,* 169 *Ga.* 746 (151 S. E. 363), and citations.

2. Where, on an appeal from a judgment of a superior court affirming an award of the State Board of Workmen's Compensation, granting compensation to the claimant for the death of her husband, it appears that the hearing director of the State Board of Workmen's Compensation was authorized to find that the employee husband was the field superintendent of the employer, Asbestos Erectors, Inc., and in general charge of a construction job at Plant Hammond near Rome, Georgia, that the employer contracted for the asbestos work on various jobs throughout the country, and the home office was maintained in New Jersey, that no office was maintained at Plant Hammond, the construction site, but the field superintendent prepared his daily and weekly reports to be mailed to the home office and studied the blue prints for the job at home at night, that the field superintendent had no definitely fixed hours of work, but was in charge of the whole operation and worked five days a week and at all other times whenever it became necessary in getting the job completed, that he was on a regular salary and did not work by the hour, that he used his own personal automobile in going to and from his home to the job site and used it in making trips to look after the company's business, such as checking on shipments of materials and in securing parts for machinery on the job whenever necessary, that he was on twenty-four hour call, that, on the day on which he was killed when his automobile turned over, he had let the other employees go and he was on the highway between the job site and Rome, when he stopped his automobile and stopped the automobile of his assistant to inquire of him the amount of material that had been used that day on the job, that the assistant gave him this information, and he started on toward Rome ahead of his assistant's automobile and had gone approximately one-half mile when his automobile for some unknown reason overturned and he was thrown out onto the highway, that he was found to be holding some of the blue prints for the job in his hand as he lay in the highway, that, although he was at liberty to prepare his reports at any time he chose, the daily reports had to be mailed daily and he usually prepared those reports before dining—from these facts the hearing director was authorized to infer that the claimant's husband died as the result of an accident which arose out of and in the course of his employment. The superior court, consequently, did not err in affirming the award of the State Board of Workmen's Compensation, which granted to the widow claimant compensation for the death of her husband. While we recognize it to be the general rule that the hazards encountered by employees while going to or returning from the regular place of work, before reaching or after leaving the employer's premises, are not ordinarily incident to the employment and for this reason injuries resulting from such hazards are in most instances held not to be compensable as arising out of and in the course of the employment (*American Mutual Liability Ins. Co.* v. *Curry,* 187 *Ga.* 342, 200 S. E. 105, and citations), that rule is ordinarily applied only in those cases involving employees whose hours and place of employment are fixed

and their travel is not an incident of their employment; that is, in those cases where there is a sharp division between the personal requirements of the employee and those of the employer. *London Guarantee &c. Co.* v. *Herndon,* 81 *Ga. App.* 178 (58 S. E. 2d 510). The employment of the claimant's husband in this case was more nearly comparable to that of a traveling salesman. His employment was broader in scope than that of ordinary employees; his hours were more irregular, and usually longer, than those of ordinary employees working in a fixed location, and he was in continuous employment more or less day or night. *Thornton* v. *Hartford Accident &c. Co.,* 198 *Ga.* 786 (32 S. E. 2d 816). Under the special facts and circumstances of this case, we think that the fact that the field superintendent used his own personal automobile is in no way controlling upon the issue of whether his death arose out of and in the course of his employment. If at the time of the accident he was about the employer's business, it would not matter to whom the automobile belonged, and we think it a reasonable inference that the claimant's husband was, at the time of the accident, at a place where he could reasonably have been expected to be, that he was on his way home, which served as his office, to prepare his daily reports, and that his death arose out of and in the course of his employment. "There is no requirement in our law that the employee at the time of his injury must have no objective other than the business of the employer" (*Hartford Accident &c. Co.* v. *Welker,* 75 *Ga. App.* 594, 44 S. E. 2d 160); and the fact that it is inferable that he also intended to attend to certain personal requirements such as bathing and dining would not defeat his widow's right to compensation.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 18, 1955.

*Robert G. Young, Marshall, Greene & Neely,* for plaintiff in error.

*Parker, Clary & Kent, Milton Grubbs,* contra.