39692. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA et al. v. BOLEN.

DECIDED OCTOBER 2, 1962.

*Smith, Field, Ringel, Martin & Carr, Charles L. Drew,* for plaintiff in error.

*Tom C. Penland,* contra.

RUSSELL, Judge. ■ The well recognized law, as quoted in *American Mut. Liab. Ins. Co. v. Curry,* 187 Ga. 342, 353 (200

SE 150), is as follows: "It is the general rule (to which this court adheres) that a workman injured going to or from the place of work is not 'in the course of his employment'. There is an exception, however, as well established as the rule itself. The exception, which is supported by overwhelming authority, is this: When a workman is so injured while being transported in a vehicle furnished by his employer as an incident of the employment, he is within 'the course of his employment' as contemplated by the act. In other words, when the vehicle is supplied by the employer for the mutual benefit of himself and the workman to facilitate the progress of the work, the employment begins when the workman enters the vehicle and ends when he leaves it on the termination of his labor. This exception to the rule may arise either as the result of custom or contract, express or implied. It may be implied from the nature and circumstances of the employment and the custom of the employer to furnish transportation." It was held in the *Curry* case that the employee's gratuitous and permissive riding in going back and forth between his home and place of work was a mere favor not in furtherance of the company's business, and as such was not incident to the employment. Contrary results were reached in *Thompson-Starrett Co. v. Johnson*, 174 Ga. 656 (163 SE 745) where a truck was provided along a fixed route for the convenience of employees, in *Cooper v. Lumbermen's Mut. Cas. Co.*, 179 Ga. 256 (175 SE 577), where the actual employment was held to begin at the mill of the employer although the employee rode from there with a third person to the work site about 20 miles away, and in *Huey v. Nix*, 94 Ga. App. 498 (95 SE2d 339) where it was necessary to provide special transportation, although the claimant elected to ride with a fellow employee rather than in the employer's automobile.

It appears from the evidence here that the employer, an electrical contractor, worked at a variety of different job sites to and from which it might be necessary to transport employees; that the problem was handled in a practical manner but the employer made sure that such transportation was in fact provided, and that the exact transportation depended upon the location of the work. If the job site was nearer the employee's home

than was the office, warehouse, or home of the foreman, and if the employee had transportation available, he might go there direct; if not, Cartledge would instruct him what transportation was provided. Bolen was in fact paid for the time so consumed. Under these facts there is no doubt that such transportation as was furnished was incident to the employment and was beneficial to the employer as well as to the employee. If the employees reported to the office or warehouse, transportation to the places where contracts were in progress ensued as a matter of course, and the alternate method of driving direct from the supervisor's house to the location was done on specific instructions from the defendant, and the claimant was actually paid for time in transit. The director hearing the case correctly held that the transportation was an incident to the employment.

■ It is further contended that, if such were the case, the transportation and consequently the employment had nevertheless ended when the claimant was run over, he being in the process of walking from the automobile to the curb at the time. As to this the director observed, "It was the duty of the supervisor to discharge the claimant in a safe place. . . I do not venture to say at what precise moment the claimant would have left the course of his employment but I do say he was in the course of his employment at least until he reached the safety of the sidewalk." There is a duty on an employer to furnish the employee a safe place to work, a failure to perform which is compensable under the compensation act. *Southern Wire &c. Inc. v. Fowler*, 217 Ga. 727 (124 SE2d 738). Since the transportation from the work site to the point on Mitchell's route home where the claimant could make connections with a bus was an incident of his employment, it follows that whether or not the accident arose out of the employment depends upon "whether the circumstances of the employment require the employee to incur some special risk in using the street in the way he did." 99 CJS 874, Workmen's Compensation, § 248. The employee, being discharged from the automobile at a time and place where special risks were involved, incurred those risks from a situation arising out of and in the course of his employment. In *Fidelity &c. Co. of N. Y. v. Barden*, 79 Ga. App. 260,

262 (54 SE2d 443) it was stated: "Some courts have gone so far as to hold that the fact that the employee is stationed at a particular place at the time of subjection to danger makes the injury sustained there compensable, and that is the principle in the case of *Thornton v. Hartford Acc. &c. Co.*, 198 Ga. 786 (32 SE2d 816). Cases involving street dangers are based on the same principles. To be compensable, injuries do not have to arise from something peculiar to the employment. Otherwise hardly any injury due to the negligence of an employee or fellow employee or employer would be compensable. After the event, it is apparent to the rational mind that there is a causal connection between the conditions under which the employment was performed and the resulting injury."

The discharge of this employee from an automobile in the center of a highway crowded with rush-hour traffic, not at an intersection, was the negligent act of a fellow servant performed as a part of the employment, and this act could have, and the director properly found that it did, proximately contribute to the claimant's injury. "The word 'accident' as used in the workmen's compensation act includes negligence." *Bartram v. City of Atlanta*, 71 Ga. App. 313 (2) (30 SE2d 780).

It follows that the judge of the superior court did not err in affirming the award in favor of the claimant.

*Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.*