43663. CORBIN v. LIBERTY MUTUAL INSURANCE
COMPANY et al.

PANNELL, Judge. In order for an injury to be compensable under the Workmen's Compensation Act, it must have been caused by an accident arising out of and in the course of the employment. *Code Ann.* § 114-102. Generally, injuries sustained by an employee while going to or coming from his employment are not compensable (*Travelers Ins. Co. v. Ross,* 110 Ga. App. 312 (138 SE2d 474); *Georgia R. & Power Co. v. Clore,* 34 Ga. App. 409 (129 SE 799)), except in certain instances such as where the employer furnishes transportation (*Indemnity Ins. Co. of N. Am. v. Bolen,* 106 Ga. App. 684 (127 SE2d 832)), and where doing some act permitted or required by the employer and beneficial to the employer while en route to and from work (*Travelers Ins. Co. v. Moore,* 115 Ga. App. 295 (154 SE2d 385); *Bituminous Cas. Corp. v. Humphries,* 91 Ga. App. 271, 275 (85 SE2d 456)), and where going to and from parking facilities provided by the employer (*Federal Ins. Co. v. Coram,* 95 Ga. App. 622 (98 SE2d 214); *U. S. Cas. Co. v. Russell,* 98 Ga. App. 181 (105 SE2d 378)), and in instances where an employee is on call and furnishes or is reimbursed for his transportation costs. *Cooper v. Lumbermen's Mut. Cas. Co.,* 179 Ga. 256 (175 SE 577); *Bituminous Cas. Corp. v. Humphries,* 91 Ga. App. 271, supra; *American Mut. Liab. Ins. Co. v. Casey,* 91 Ga. App. 694 (86 SE2d 697); *Lewis Wood Preserving Co. v. Jones,* 110 Ga. App. 689 (140 SE2d 113).

Accordingly, where it appears that the employee was injured after leaving the premises where work was being done on construction of facilities for the City of Gainesville, Georgia, by the contractor employer, the injury occurring on the only access road from the main highway, the access road being owned by the City of Gainesville, such employee is not injured by an accident arising out of and in the course of his employment within any of the exceptions above enumerated. The fact that the access road was owned by the City of

Gainesville, which also owned the site where the work was being done, does not demand a finding that the access road was upon the premises where the claimant was employed or that this access road was one provided by the employer. The trial judge did not err in affirming the award of the Board of Workmen's Compensation denying compensation to the claimant.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*
Argued May 8, 1968—Decided May 17, 1968—
Rehearing denied May 31, 1968.

*Reed & Dunn, R. Elliott Dunn, Jr.,* for appellant.
*Whelchel, Dunlap, & Gignilliat, William R. Gignilliat, Weymon H. Forrester,* for appellees.