### 48570. CONTINENTAL CASUALTY COMPANY et al. v. THOMPSON.

EVANS, Judge. This is a workmen's compensation case. Claimant's husband was employed as a pipe and steamfitter by the employer. The work was to be performed on the premises of another located in a different county from the home of the employee.

He worked a 12 hour shift, and left his work at 7:00 a.m. At approximately 7:30 a.m. he was killed on the highway between St. Mary's, Georgia (where he worked) and St. Simons, Georgia (where he lived).

Under the union employment contract the employer was required to pay one hour's travel pay when it did not furnish transportation to and from the jobsite outside of Glynn County. Transportation to and from the jobsite was not furnished on this job, which was located in Camden County, Georgia. The employee had been temporarily residing at a motel ten miles south of the spot where he was killed, and nearer to the jobsite than was his home.

The deputy director found the above facts to be substantially true and that the deceased was killed shortly after getting off work while he was on his most direct route from the jobsite to his home; that he sustained an accidental injury arising out of and in the course of his employment which produced his death; and awarded compensation, medical and funeral expenses. The full board, on appeal, approved the deputy director's findings and award. The lower court affirmed the award by the full board, and the employer-insurer appeals. *Held:*

1. Where the terms and conditions of the employment provide for transportation, an employee is in the course of and scope of his

employment while going to and from work; although generally, injuries sustained while going to and from work are not compensable. In *Indemnity Ins. Co. of North America v. Bolen,* 106 Ga. App. 684 (1) (127 SE2d 832), the workman was injured during transportation to and from his home, which transportation was furnished to him by his employer (he was injured immediately after getting out of the automobile in the middle of a busy thoroughfare) and the award of compensation was upheld. *Electric Mut. Liab. Ins. Co. v. Grynkewich,* 122 Ga. App. 765 (1) (178 SE2d 732), holds that where transportation was furnished to the employee who drove the furnished car into a telephone pole, the award of compensation should be upheld. In *Adams v. United States F. & G. Co.,* 125 Ga. App. 232 (186 SE2d 784), a ride was furnished the employee in another employee's car, the expense of which was paid to that employee by the employer to transport the workers. Injury occurred during such transportation and the award of compensation was upheld. See also *Bituminous Cas. Corp. v. Humphries,* 91 Ga. App. 271, 275 (85 SE2d 456); *American Mut. Liab. Ins. Co. v. Casey,* 91 Ga. App. 694 (86 SE2d 697); *Federal Ins. Co. v. Coram,* 95 Ga. App. 622 (98 SE2d 214); *United States Cas. Co. v. Russell,* 98 Ga. App. 181 (105 SE2d 378); *Cooper v. Lumbermen's Mut. Cas. Co.,* 179 Ga. 256 (175 SE 577); *Lewis Wood Preserving Co. v. Jones,* 110 Ga. App. 689 (140 SE2d 113); *Travelers Ins. Co. v. Moore,* 115 Ga. App. 295 (154 SE2d 385).

2. Here the employer hired the employees residing in one county to perform work in a different county, and as a part of the union contract agreed and paid travel pay of one hour at a certain scale. If the employee was not notified prior to leaving home in the morning that he was not to work that day, he was entitled to pay upon arriving at the jobsite. Thus the element of travel to and from the jobsite is covered by the contract of employment and comes within the general rule as set out in the above cited cases.

3. Although there was evidence to show that the employee had been temporarily residing at a motel which was nearer to the jobsite than was his home on St. Simons Island, and that this motel, as one traveled from the jobsite, was in the opposite direction from the route one would take to his home, yet the evidence also showed that the employee had traveled from his home to the jobsite and had returned to his home from the jobsite at various times; and that this particular day was during the Christmas Season, which afforded stronger reasons than usual for

returning to his home on St. Simons Island rather than to his temporary home at the motel. The evidence showed that he was killed within 30 minutes from the time he left his employment, headed in the direction of his home on St. Simons Island. Thus, the findings of the board were supported by the evidence, and the lower court did not err in affirming the board as to its award of compensation and other expenses.

*Judgment affirmed. Clark, J., concurs. Hall, P. J., concurs specially.*
ARGUED SEPTEMBER 17, 1973 — DECIDED NOVEMBER 7, 1973 — REHEARING DENIED NOVEMBER 21, 1973.

*Long, Weinberg, Ansley & Wheeler, Charles M. Goetz, Jr.,* for appellants.

*J. S. Hutto & Associates, G. Carroll Palmatary,* for appellee.

HALL, Presiding Judge, concurring specially. Both "the Supreme Court and this court have laid down the rule that where the employee is free to use the time as he chooses so that it is personal to him, an injury occurring during this time arises out of his individual pursuit and not out of his employment." *Wilkie v. Travelers Ins. Co.,* 124 Ga. App. 714, 715 (185 SE2d 783). For example, "no one would contend that claimant would be covered while on a paid vacation directly provided for by the contract." *Id.* The test is the employer's right to control during the period under question. The mere paying of one hour's travel pay would not in and of itself be relevant here since the employee would be free to use the time as he chose. However, since under the contract the employer had the right to furnish transportation to and from the jobsite outside of Glynn County in lieu of travel pay, it follows that the employer had the right to control if it saw fit.