## 53099. LOCKHART v. LIBERTY MUTUAL INSURANCE COMPANY et al.

MARSHALL, Judge.

Appellants, survivors of the deceased employee in this workmen's compensation claim, appeal the reversal by the superior court of an award in their favor by the administrative law judge and the State Board of Workmen's Compensation. The issues presented are: (1) whether or not the evidence supports a finding of nonintoxication, (2) whether or not the statement of the decedent as to the cause of the accident was admissible, and (3) whether or not the evidence supports a finding that the injury was work-related.

The deceased, Lockhart, was one of two drivers employed by one White to drive a truck for Lumber Transport, Inc. (hereinafter Lumber Transport) with whom White had a contract to furnish the drivers and

trucks for Lumber Transport's hauling operation. As a part of his duties, he was required to perform simple maintenance upon his tractor (i.e., minor tune-ups, lubrication, oil changes and the like). The facts show that he completed a hauling mission for Lumber Transport on a Thursday or early Friday. Lockhart reported to his direct employer, White, on the Friday, but did not submit his time reports or perform any maintenance upon his tractor on that Friday. He was allowed to take the tractor to his lodgings on Friday evening. White testified that Lockhart was required to bring the tractor back to the work area on Saturday, in accordance with usual custom, to complete necessary paperwork and to complete required maintenance on the tractor.

On the way to White's place of business early on Saturday morning, Lockhart apparently drove off the road and overturned the tractor (minus its trailer). He suffered a fractured spine and paraplegia. Approximately four months later, Lockhart died as a result of these injuries. At the time of the wreck, the investigating state patrolman obtained a blood specimen which, upon analysis, disclosed that Lockhart had a 0.2 blood-alcohol level. However, there was testimony by a passenger in the tractor (who apparently was intoxicated himself) that Lockhart did not seem to be intoxicated. The police officer, White, and others at the scene and later at the hospital, testified that Lockhart showed no signs of intoxication nor was there any evidence of intoxicants. Over objection of the employer, evidence was admitted that Lockhart stated to the police officer and his employer White, that the accident was caused by evasive action taken by Lockhart to avoid a house trailer.

Based upon this state of facts, the administrative law judge's findings, as amended by the finding of the full board of workmen's compensation, concluded that notwithstanding the evidence of the blood-alcohol level with its presumption of intoxication, Lockhart was not intoxicated at the time of the accident nor was intoxication a proximate cause of the accident. The board found that the proximate cause of the accident was the evasive action taken by Lockhart to miss the house trailer (that only he had seen). The board also found that because

Lockhart was required to bring the vehicle to White's maintenance area to perform routine maintenance on the tractor and was engaged in this required mission at the time of the accident, the accident occurred while Lockhart was performing his employer's business and that the accident arose out of such employment.

Upon appeal by the employer/insurer to the superior court, the findings of fact and conclusions of law were reversed by the superior court. That court concluded the board could not legally disregard the presumption of intoxication, and, therefore, could not disregard the established state of intoxication in arriving at the proximate cause of the accident. The superior court also held that the board erred in accepting the "hearsay" statement of the deceased that the accident was caused by evasive action to miss a house trailer because that statement, in the opinion of the court, did not fit within the res gestae exception to the hearsay rule. Thus the court concluded that there was no competent evidence, other than intoxication, to establish a proximate cause for the overturning. Lastly, the superior court concluded that, inasmuch as there was an employer-employee relationship between Lumber Transport and Lockhart only while Lockhart was actually hauling material for Lumber Transport, under the facts of the case, Lockhart was not carrying out any job-related activities for Lumber Transport at the time of the injury.

Appellants enumerate five errors, all dealing with the failure of the superior court to apply the "any evidence" rule and to construe the evidence in favor of the board's original finding of a compensable accident. *Held:*

1. A cardinal principle followed by this court in workmen's compensation cases is that neither this court nor a superior court has any authority to substitute itself as a fact finding body in lieu of the board of workmen's compensation. *Employers Ins. Co. v. Amerson,* 109 Ga. App. 275 (136 SE2d 12). Thus a finding of fact by a director or administrative law judge of the State Board of Workmen's Compensation, when supported by any evidence, is conclusive and binding upon the courts, and the judge of the superior court does not have any authority to set aside an award based on those findings of fact

merely because he disagrees with the conclusions reached therein. *Speight v. Container Corp.,* 138 Ga. App. 45, 46 (225 SE2d 496); *Turner v. Baggett Transp. Co.,* 128 Ga. App. 801 (3) (198 SE2d 412); *Indemnity Ins. Co. v. O'Neal,* 104 Ga. App. 305 (3) (121 SE2d 689); *Dept. of Revenue v. Graham,* 102 Ga. App. 756 (2) (117 SE2d 902); *Hartford Acc. &c. Co. v. Davis,* 73 Ga. App. 10 (1) (35 SE2d 521). Moreover, upon appeal from an award of the State Board of Workmen's Compensation granting compensation, the evidence must be construed in a light most favorable to the party prevailing before the board. *Fulmer v. Aetna Cas. &c. Co.,* 85 Ga. App. 102 (68 SE2d 180). For a full discussion of these principles and their application, see *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, 410 (224 SE2d 65).

2. It is at once apparent that the board and the superior court disagreed as to the legal implication of the blood alcohol test results. The board accepted the test and the presumption of intoxication that accompanied a 0.2 level and weighed that against the evidence indicating no intoxication. While the board may have concluded that the evidence showed that Lockhart had been drinking, the board did not feel obligated to accept as mandatory a presumption of legal intoxication when weighed against other evidence indicating a lack of intoxication. The superior court obviously concluded that the board was bound by the presumption, and could not disregard intoxication as a proximate cause of the accident.

". . . In truth there is but one type of presumption in the strict legal meaning of the word, and that is merely a general rule of law that under some circumstances, *in the absence of any evidence to the contrary,* a jury is compelled to reach a certain conclusion of fact. But a presumption so declared by the law is only raised by the absence of any real evidence as to the existence of the ultimate fact in question. It is not in and of itself evidence, but merely an arbitrary rule imposed by law, to be applied in the absence of evidence, and whenever evidence contradicting the presumption is offered the latter disappears entirely, and the triers of fact are bound to follow the usual rules of evidence in reaching their ultimate conclusions of fact." *Floyd v. Colonial Stores, Inc.,* 121 Ga. App. 852, 857 (176

SE2d 111). Though the evidence tending to show lack of intoxication was weak and of doubtful value, it *was* admissible evidence. Under our rules, that constitutes "some evidence" and precludes either the superior court or this court from substituting a different evaluation or conclusion of the meaning of such evidence simply because we might disagree with the board. *Speight v. Container Corp.,* 138 Ga. App. 45, supra.

3. The board accepted the testimony of witness White related to the statement of Lockhart that the cause of the accident was evasive action to avoid colliding with a house trailer. This statement was made over an hour after the accident and after Lockhart had been removed by ambulance from the accident scene to the hospital. The board admitted the evidence as part of the res gestae. The superior court rejected the evidence as not falling within the res gestae exception to the hearsay rule.

The superior court did not err in rejecting this evidence. The declarations of the deceased employee to his employer White and to the investigating police officer as to the cause of the accident were hearsay, inadmissible under any exception to the hearsay rule, and since it was self-serving and not a part of the res gestae, the statement was entirely without probative value for purposes of determining the proximate cause of the death. *Roach v. Western & A. R. Co.,* 93 Ga. 785 (21 SE 67); *Hodge v. American Mut. Liab. Ins. Co.,* 57 Ga. App. 403 (195 SE 765).

Once the evidence of the deceased's explanation is removed from the evidence, there remains no explanation of the cause of the accident inasmuch as the administrative law judge and the board of workmen's compensation expressly found that the deceased was not intoxicated and that intoxication was not the proximate cause of the accident. This left before the board an unexplained accident occurring during the course of employment. The law is well established that when an accident occurs in the course of employment otherwise unexplained, a presumption arises that it is compensable. *Hartford Acc. &c. Co. v. Cox,* 101 Ga. App. 789 (115 SE2d 452); *Unigard Ins. Co. v. Elmore,* 137 Ga. App. 665, 666 (224 SE2d 762). Where the judgment of the board of

workmen's compensation is proper and legal for any reason, it will be affirmed, regardless of the reason assigned. *Walden v. Barwick,* 72 Ga. App. 545 (2) (34 SE2d 552); *Argonaut Ins. Co. v. Cline,* 138 Ga. App. 778, 782 (4) (227 SE2d 405).

4. The superior court further based its reversal of the finding by the board that the accident occurred while Lockhart was engaged in the business of his employer because the trial judge concluded Lockhart was not directly involved in moving material for Lumber Transport at the time of the accident. Thus, Lockhart was not engaged in activities related to Lumber Transport's business. Moreover, the superior court found that Lockhart was simply going to and from his place of lodging and that the business of maintenance was not to commence until Lockhart arrived at White's truck terminal. Such an interpretation of the facts certainly is possible.

On the other hand, there was evidence that White routinely allowed Lockhart to use the truck on weekends to go to and from Lockhart's lodging to White's maintenance area. White indicated this was because Lockhart drove the tractor all during the week and was obligated to bring the tractor to the terminal for routine maintenance on weekends. Other evidence reasonably established that such maintenance was essential to the performance of the contract between White and Lumber Transport. Another employee by the name of Holly was required also to come in on that Saturday morning and perform maintenance on other trucks owned by White. Lockhart had picked up Holly and was bringing Holly to the work area for that purpose at the time of the accident. In order to be paid, the employees, including Lockhart, had to prepare time sheets. These were brought to White's terminal, verified for accuracy and checks issued. It was routine for the employees to prepare the time sheets following hauling trips and turn in these sheets on Saturday. Verification was conducted while the employee performed truck maintenance. Payment was made after maintenance was completed. Lockhart was bringing his time sheets at the time of the accident. The board further indicated a reliance upon evidence that often Lockhart

was obligated to commence a trip for Lumber Transport directly from his nightly lodging without returning to the terminal, thus requiring Lockhart to have possession of the truck away from the terminal. From all this evidence the board concluded that at the time of the accident Lockhart was engaged in the performance of duties for his employer in a manner that was routinely accepted by the employer. Such an interpretation of the evidence we conclude was permissible. The general rule is that when an employee for whom his employer does not furnish transportation to and from the place of employment is accidentally injured en route to work, the accident does not arise out of his employment. *American Mut. Liab. Ins. Co. v. Curry,* 187 Ga. 342 (200 SE 150); *Wilcox v. Shepherd Lumber Corp.,* 80 Ga. App. 71 (55 SE2d 382). However, there are numerous exceptions to that rule. Thus, when an employee is permitted or required by his master to perform a part of the work contemplated by the contract of employment, or some act incidental thereto and beneficial to the employer, while en route to work (in this case to bring the truck and time sheets as well as a fellow employee to the place of business), and is accidentally injured, the injury arises in the course of his employment. *Bituminous Cas. Co. v. Humphries,* 91 Ga. App. 271, 276 (85 SE2d 456). In other words, when the vehicle is supplied by the employer for the mutual benefit of himself and the workman to facilitate the progress of the work, the employment begins when the workman enters the vehicle and ends when he leaves it on the termination of his labor. This exception to the rule may arise either as the result of custom or contract, express or implied. It may be implied from the nature and circumstances of the employment and the custom of the employer to furnish transportation. *Indemnity Ins. Co. v. Bolen,* 106 Ga. App. 684, 687 (127 SE2d 832). See also *Travelers Ins. Co. v. Moore,* 115 Ga. App. 295, 297 (154 SE2d 385). The board's findings of fact, being supported by some evidence, were conclusive and binding upon the superior court and this court. *Hamner v. White,* 80 Ga. App. 648, 649 (56 SE2d 653). The superior court exceeded its authority by setting aside the award based upon the findings of the board, and substituting its own conclusions based upon the same

evidence. *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, supra.

5. For the foregoing reasons the superior court erred in reversing the board of workmen's compensation's award of compensation.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

Argued January 5, 1977 — Decided February 8, 1977 — Rehearing denied March 2, 1977 — 

*Savell, Williams, Cox & Angel, Andrew Robert Greene, A. Cullen Hammond,* for appellant.

*Langstaff, Campbell & Plowden, George P. Donaldson, III,* for appellees.

