## 59616. BOARD OF TRUSTEES OF THE POLICEMEN'S PENSION FUND OF ATLANTA et al. v. CHRISTY.

SHULMAN, Judge.

While en route from his home in Douglas County to the Municipal Court of Atlanta (his duty post as a City of Atlanta police officer), appellee was injured when the police department motorcycle he was operating collided with a truck. When his application for an "in line of duty" pension was denied by the Board of Trustees of the Policemen's Pension Fund of Atlanta on the ground that appellee was not on duty when injured, appellee appealed to the Superior Court of Fulton County. This appeal is from that court's grant of summary judgment to appellee.

1. In their first two enumerations of error, appellants complain that, because appellee did not follow certiorari procedure, the superior court should not have considered the appeal or disturbed the findings of the Board of Trustees. Appellants' arguments on this issue are based primarily on Code Ann. § 19-101: "The writ of certiorari shall lie for the correction of errors committed by . . . any inferior judicatory, or any person exercising judicial powers . . ." See Code Ann. § 2-3305. The fatal flaw of appellants' argument is that this case does not involve an appeal from an inferior judicial or quasi-judicial body. "The power conferred by the statute upon these trustees as related to the matter in question was neither judicial nor quasi-judicial, but was plainly ministerial and administrative. [Cits.]" *City of Macon v. Herrington,* 198 Ga. 576, 590 (32 SE2d 517); *Cantrell v. Board of Trustees &c. of Ga.,* 135 Ga. App. 445 (2) (218 SE2d 97); *Burkhead v. Trustees &c. of Atlanta,* 133 Ga. App. 41 (209 SE2d 651).

The Act governing the trustees here provides the method of appeal which was correctly observed by appellee and the trial court. See Ga. L. 1953 (Nov.-Dec.), p. 2707, Sec. 4. Therefore, there was no requirement that certiorari procedure be followed and, since the appellate process provided by the legislature requires a de novo proceeding in the superior court, there was no necessity that the trial court leave undisturbed the findings of the board of trustees.

2. Since the issue before the board of trustees and before the superior court was whether appellee's injury was received "in line of duty" or "not in line of duty," we must determine the meaning of "in line of duty." Neither party has cited any authority in Georgia which would indicate the meaning of "in line of duty," nor have we found any such Georgia authority. However, the phrase has been considered by the courts of other jurisdictions. We find persuasive the holding in Sjostrom v. Sproule, 33 Ill. 2d 40 (210 NE2d 209), that

that phrase, used in the Illinois Workmen's Compensation Act, is to be construed to mean the same as "arises out of and in the course of employment." We hold, therefore, that if appellee's injury arose out of and in the course of his employment, within the meaning of that phrase in our workers' compensation law, then the disability arose as a result of an injury incurred while "in the line of duty." That being so, Georgia cases applying our workers' compensation law are analogous and appropriate authority for consideration in this case.

3. Having decided that Georgia workers' compensation cases involving determinations of whether an injury arose out of and in the course of employment are authority for the question of whether an injury was received in the line of duty, we must apply the facts before the lower court to such cases to determine whether appellee was entitled to the grant of his motion for summary judgment.

Appellee filed an affidavit and three exhibits thereto in support of his motion. The affidavit established that appellee was permitted to use the motorcycle belonging to the City of Atlanta for the purpose of increasing police presence in the portion of the city through which he passed on his way to and from work and for the purpose of increasing appellee's ability to respond promptly to emergency calls. One of the exhibits to appellee's affidavit established that appellee was subject to be called to duty on a 24-hour basis. None of the three affidavits filed by appellants refuted or directly contradicted appellee's statements. The record before this court does not contain any objections made in the lower court to the form of appellee's affidavit or to the exhibits thereto. See *McKinnon v. Trivett,* 136 Ga. App. 59 (2) (220 SE2d 63).

We, consequently, conclude that the facts established by appellee brought this case within the rule of *Indemnity Ins. Co. of N. A. v. Bolen,* 106 Ga. App. 684, 687 (127 SE2d 832): " ' It is the general rule (to which this court adheres) that a workman injured going to or from the place of work is not "in the course of his employment." There is an exception, however, as well established as the rule itself. The exception, which is supported by overwhelming authority, is this: When a workman is so injured while being transported in a vehicle furnished by his employer as an incident of the employment, he is within the "course of his employment" as contemplated by the act. In other words, when the vehicle is supplied by employer for the mutual benefit of himself and the workman to facilitate the progress of the work, the employment begins when the workman enters the vehicle and ends when he leaves it on the termination of his labor. This exception to the rule may arise either as the result of custom or contract, express or implied. It may be implied from the nature and circumstances of the employment and the custom of the

employer to furnish transportation.' " Appellee having shown facts which would entitle him to an "in line of duty" pension, the grant of summary judgment was proper.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED MARCH 4, 1980 — DECIDED APRIL 17, 1980—
REHEARING DENIED MAY 1, 1980 —

*Ferrin Y. Mathews, Malcolm J. Hall,* for appellants.
*Robert W. Hassett, Edward T. M. Garland,* for appellee.