## 62779. O'KELLEY v. GATES et al.

BANKE, Judge.

The plaintiff was injured in a one-car accident and brought this action against the driver and her employer, Kinnett Dairies, Inc., the owner of the car. The trial court granted summary judgment to the defendants, ruling "that the plaintiff's injuries arose out of and in the course of her employment and . . . are compensable only under the . . . worker's compensation law by reason of the exclusive remedy section of Code Ann. § 114-103 . . ."

The facts necessary for our determination are undisputed. The plaintiff was at the time of the accident manager of a Baskin-Robbins Ice Cream Store owned by Kinnett Dairies. The driver of the car, Susan Gates, was also employed by Kinnett Dairies as a supervisor for the Baskin-Robbins Division of Kinnett Dairies. She and the plaintiff shared an apartment on the date in question. The car

involved in the accident was furnished to Susan Gates for use in her duties involving Baskin-Robbins stores in the southeast. She had returned to Atlanta from an out-of-town trip that day, and she and the plaintiff had dinner together at a restaurant immediately prior to the accident.

One of the plaintiff's duties as manager was to lock up the store every evening, and Ms. Gates was driving her to the store to perform this task when the accident occurred. The franchise manager for the employer, Mr. White, stated in his affidavit that he was aware that the plaintiff and Susan Gates were roommates, "and that Kinnett Dairies, Inc., was aware that from time to time . . . [the plaintiff] would ride in the company automobile furnished to Ms. Gates when Ms. Gates was in town and both . . . [the plaintiff] . . . and Ms. Gates had job-related duties relating to the management and supervision of the . . . [store in question] . . ." *Held:*

As a general rule "injuries sustained by an employee while going to or coming from his employment are not compensable . . ." *Corbin v. Liberty Mut. Ins. Co.,* 117 Ga. App. 823 (162 SE2d 226) (1968). "Whether the transportation is so furnished at least partially for the benefit of the employer and under such circumstances as to become either expressly or impliedly incident to the contract of employment rather than merely for the accommodation of the employee is a question of fact, and may be established by either direct or circumstantial evidence." *Indemnity Ins. Co. of N. A. v. Bolen,* 106 Ga. App. 684 (1) (127 SE2d 832) (1962). From the facts presented, a jury would be authorized to find that as to the plaintiff, the ride to the store was an accommodation by her roommate and that her injuries did not arise out of and in the course of her employment. The grant of summary judgment is accordingly reversed.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 26, 1981 —
REHEARING DENIED NOVEMBER 17, 1981.

*Robert L. Herman,* for appellant.
*John T. Ruff,* for appellees.