A91A1298. WINN EXPRESS COMPANY et al. v. HALL.
(413 SE2d 505)

POPE, Judge.

The claimant in this workers' compensation case, Clinton J. Hall, Sr., was an independent contractor for the employer Winn Express Company, Inc. Workers' compensation insurance was purchased to cover him so, pursuant to OCGA § 34-9-124, he is entitled to the same benefits as a regular employee. The claimant owned his own tractor and leased it to the employer. As an independent contractor, he could decline any job the employer offered to him. He usually commenced his work by picking up the tractor at the employer's terminal in Morrow and returning it at the end of the workday. On occasion, however, he was permitted to drive the tractor to his home in Greensboro and commence the next day's work from there if, for example, his first job

of the day was nearer his home than the employer's terminal. He was also permitted to drive the tractor home without reporting back to the terminal if that was more convenient for him so long as he sent his daily paper work back to the terminal by another driver. Where he started or ended his trip had no effect on his pay since he was paid a percentage of the customer's fee for hauling the load and was not paid by the mile or the hour. The claimant had purchased his own insurance to cover the tractor during those times he was not driving for the employer.

On the day of the claimant's injury he was required to drive the tractor to and from work because his personal vehicle was out of order. After making his delivery he called in to the dispatcher and was offered no further jobs for the day. Although the claimant testified he was usually told to call back before 5:00 p.m., he did not remember whether the dispatcher instructed him to call back on this particular day. He told the dispatcher he would send his paper work back with another driver and that he was going home. Within a couple of blocks from the place of his delivery, at about 2:30 p.m., his tractor was struck by an automobile and he sustained injuries to his lower back and right leg. He received benefit payments for his injuries from his personal insurance policy.

The claimant also filed a claim for workers' compensation benefits. Citing *Corbin v. Liberty Mut. Ins. Co.*, 117 Ga. App. 823 (162 SE2d 226) (1968), the Administrative Law Judge (ALJ) denied the claim, finding his injuries did not arise out of his employment because he was on his way home in his own vehicle, was not paid for his transportation and was not performing any activity for the employer while en route to or from his home. The board affirmed and made the award of the ALJ its own. The superior court, however, found the facts of the case were not governed by *Corbin* and found the injuries did arise out of the claimant's employment because he was an independent contractor "with ill-defined parameters of employment," because he was permitted to begin and end his work day from his home, which benefitted the employer as well as the claimant, and because he was still on call at the time of the accident, even though there was no further assignment for him at the time of the injury.

The employer argues the superior court erred in holding independent contractors are not subject to the same limitations upon compensability as are regular employees and by reversing a determination of the board which was supported by the any evidence rule. The claimant argues the issue at hand is not evidentiary and that the any evidence rule does not apply. Instead, he argues the board made an error of law and the superior court merely applied the correct law to the facts of the case. We hold that the superior court erred both in law and in findings of fact. The superior court found the claimant was

on call at the time of his injuries. The board, however, found that he was not under the direction or control of the employer at the time of the accident because there was no further work for the claimant to do that day and, in any event, he could have rejected any jobs offered him by the dispatcher. While the evidence did not demand the finding made by the board, the evidence was nevertheless sufficient to support it. Consequently, even if the evidence could reasonably be interpreted as the superior court did, the any evidence rule authorized the award. See *Handcrafted Furniture v. Black*, 182 Ga. App. 115 (1) (354 SE2d 696) (1987); see also *Cooper v. Lumbermen's Mut. Cas. Co.*, 179 Ga. 256 (175 SE 577) (1934).

The superior court also erred in ruling that the case was not governed by the general rule that injuries sustained while going to or from work are not compensable, as set forth in *Corbin*, because the rule does not apply to independent contractors "with ill-defined parameters of employment." Even if the claimant was sometimes requested or permitted to drive the tractor to his home for the mutual benefit of the claimant and his employer and even if he were sometimes requested to remain on call for further assignments, and assuming that these factors would affect the compensability of the claimant's injuries (see *United States Fire Ins. Co. v. Phillips*, 124 Ga. App. 7 (183 SE2d 13) (1971)), the record shows neither of these factors existed on the day in question. On this day, he had been given no further instructions (and, in any event, he could have refused any additional jobs) and he was driving the tractor home not because of his destination on the following morning but because he did not have the use of his own vehicle. In *Travelers Ins. Co. v. Purcell*, 152 Ga. App. 279 (262 SE2d 566) (1979), this court held that while there was evidence that the claimant, a Head Start teacher, was sometimes required to use her personal automobile for after-school duties, there was "no evidence that the car was being used for school purposes on the trip which resulted in this accident. Thus, the most that can be said of the evidence is that it presented an issue of fact which did not demand a conclusion in either direction. That being so it was beyond the power of the superior court to reverse the award of the full board affirming [the denial of benefits by] the administrative law judge." Id. at 280 (3). Likewise, in this case, the superior court erred in reversing the board's denial of benefits.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 22, 1991.

*Drew, Eckl & Farnham, H. Michael Bagley, Willace D. Magee,* for appellants.

48

*Morgan & Silver, Lee P. Morgan, Elizabeth G. Marlowe,* for appellee.