40821. TRAVELERS INSURANCE COMPANY et al.
v. ROSS et al.

DECIDED SEPTEMBER 8, 1964—
REHEARING DENIED SEPTEMBER 23, 1964.

*Greene, Neely, Buckley & DeRieux, Edgar A. Neely, Jr., J. Douglas Stewart,* for plaintiffs in error.

*Fine & Rolader, Joseph J. Fine, D. W. Rolader,* contra.

EBERHARDT, Judge. As is usual in compensation cases, the question facing this court is whether there was any evidence to support the award of the board. One of the findings of the full board was that "The employee at the time of his death was still on call and still under emergency status and was killed in an accident at a place and time where he might reasonably have been expected to be in the course of his employment. The presumption therefore arises that the claimant was within the scope of his employment and that his death resulted from an accident which arose out of his employment." The difficulty with this finding is that, even assuming the position that the presumption mentioned would apply in this case, the evidence shows that the decedent had been relieved of any further responsibility toward his job until the next working day. The disaster support office to which he had been assigned and where he was on twenty-four hour duty, was deactivated earlier on the day of his death and he was completing what can be fairly characterized as a routine office matter when the closing hour came. He had been released from disaster support duty back to his normal employment, and he left at the usual closing hour for the office.

"It is the general rule (to which this court adheres) that a workman injured going to or from the place of work is not 'in the course of his employment.'" *American Mut. Liability Ins.*

*Co. v. Curry,* 187 Ga. 342, 353 (200 SE 150), quoting with approval, Venho v. Ostrander R. &c. Co., 185 Wash. 138 (52 P2d 1267). This rule is not altered by the fact that the employee may have been subject to call if the disaster support office had been reactivated, or if another disaster had occurred. *Welsh v. Aetna Cas. &c. Co.,* 61 Ga. App. 635 (7 SE2d 85); *Ralph v. Great American Indem. Co.,* 70 Ga. App. 115 (27 SE2d 756). See *Hamner v. White,* 80 Ga. App. 648 (56 SE2d 653); *Fidelity & Cas. Co. v. Roberts,* 86 Ga. App. 472 (71 SE2d 718) and *American Mut. Liability Ins. Co. v. Casey,* 91 Ga. App. 694, 695 (2) (86 SE2d 697) where awards for claimants were affirmed in stronger factual situations. Nor can it make any difference that the employee had not completed his report concerning work in the disaster area when he "knocked off" at the end of the business hours to go home and carried his uncompleted report along in a brief case. He was neither requested nor required to do any further work on the report until the next working day. Rarely does an employee complete his work at the end of a day; rather he returns on the next working day to take up where he left off the day before. Nor is there anything in the evidence to indicate that Ross was in "travel status" after reporting in at the office. His immediate supervisor testified that when Ross reported back to the Thomasville office "he had completed his assigned responsibilities" in the disaster area. He was back at his normal place of employment and duty where his regular working hours for the day ended at 5 p.m. when he "knocked off" to go home. The whole import of it is that he was simply going from his place of work to his home when the accident occurred.

The evidence did not support the finding that decedent "was still on call and still under emergency status," but demanded a finding to the contrary. Thus, resort cannot be had to traveling salesman cases such as *Thornton v. Hartford Acc. &c. Ins. Co.,* 198 Ga. 786 (32 SE2d 816), where claimant was injured while returning to his hotel after partaking of his evening meal at the nearby D. Jones Cafe. See also *New Amsterdam Cas. Co. v. Sumrell,* 30 Ga. App. 682 (118 SE 786); *Zurich Ins. Co. v. Zerfass,* 106 Ga. App. 714 (1) (128 SE2d 75); *Pike v. Maryland Cas. Co.,* 107 Ga. App. 49, 52 (129 SE2d 78) and citations.

The basic requirement of the Workmen's Compensation Act is that the injury arise out of and occur in the course of the employment. *Code Ann.* § 114-102. Neither of these requisites is present here and the award of the board must be reversed.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*