## 44245. UNITED STATES FIRE INSURANCE COMPANY et al. v. PHILLIPS.

WHITMAN, Judge. This is a workmen's compensation case. There were findings of fact and an award granting compensation to the claimant. The employer and its insurance carrier appealed the matter to the superior court and the court entered an order affirming the award of the deputy director. This latter order is appealed from and enumerated as error. *Held:*

1. The findings of fact of the deputy director are brief and will be set forth at the outset as they illustrate the nature of the case:

"I find from the evidence adduced at the hearing that Ferrell Phillips was injured in an automobile accident on February 28, 1967.

"I find that this injury occurred while he was returning from delivering a load of bread.

"I find that at the time of the accident he was driving his personal car.

"I find that he was employed by Claussen's as a relief routeman and that it was customary for him to use his personal car in his work, as he was doing at the time he was injured.

"I therefore find that Ferrell Phillips did sustain an accidental injury that arose in and out of the course of his employment on February 28, 1967, and that he was temporarily totally disabled from February 28, 1967, until August 1, 1967, the date that he returned to work.

"I find that the employer had actual knowledge of the said injury within the time as prescribed by the Workmen's Compensation Act."

Generally an injury suffered by an employee while driving home at the end of his day's work for his employer is not one arising out of and in the course of his employment. *American Mut. Liab. Ins. Co. v. Curry*, 187 Ga. 342, 353 (200 SE 150); *Travelers Ins. Co. v. Ross*, 110 Ga. App. 312 (138 SE2d 474); *Corbin v. Liberty Mut. Ins. Co.*, 117 Ga. App. 823 (162 SE2d 226). There are exceptions to this general rule, such as where the employer furnishes the vehicle or transportation, or where the employee, while using his own vehicle, is doing some act permitted, required or beneficial to the employer while en route to or from work, or where the employee is on call. These exceptions are summarized, along with supporting authorities, in *Corbin v. Liberty Mut. Ins. Co.*, 117 Ga. App. 823, supra, and reference is hereby made to that opinion and the authorities cited therein for further examination.

The deputy director's findings that Phillips customarily used his personal car in his work, was driving his car on this occasion, and was injured in an accident "while returning from delivering a load of bread" are supported by some evidence. But, in our view, the findings do not support the ultimate fact, i.e., that "Phillips did sustain an accidental injury that arose in and out of the course of his employment."

There is evidence that after delivering the load of bread referred to, Phillips had finished his day's work and was on his way home on the shortest available route. If such were found to be a fact, then the injury did not arise in and out of the course of his employment. But for us to declare what Phillips was about, after he had delivered the load of bread, would amount to a finding of fact. This court cannot make

findings of fact; such is the exclusive function of the board. Our function in this regard is to ascertain whether any finding with which issue is taken is supported by any evidence.

2. The "finding of fact" that the employer had actual knowledge of the injury within the time prescribed by the Act is also merely an ultimate fact not supported by any finding of fact from the evidence presented at the hearing.

3. "The Georgia Workmen's Compensation Act (*Code Ann.* § 114-707) requires that an award of the Board of Workmen's Compensation shall be accompanied by a statement of findings of fact upon which it is made in order that the losing party may intelligently prepare his appeal and that the cause may thereupon be intelligently reviewed. To fulfill this requirement the findings of fact must consist of a concise but comprehensive statement of the cause and circumstances of the accident as found to be true by the Board of Workmen's Compensation and similar findings of fact upon any material issue in the case. See *Atlanta Transit System v. Harcourt,* 94 Ga. App. 503 (95 SE2d 41); *Southeastern Exp. Co. v. Edmondson,* 30 Ga. App. 697 (1) (119 SE 39); *American Mut. Liab. Ins. Co. v. Hardy,* 36 Ga. App. 487, 490 (137 SE 113). The findings of fact in the present case are insufficient and incomplete, and the award of the director was not authorized by the findings of fact made and the judge of the superior court erred in affirming it on appeal. It is ordered that the case be recommitted to the State Board of Workmen's Compensation in order that proper findings of fact may be made on the issues involved." *Noles v. Aragon Mills,* 110 Ga. App. 374, 375 (138 SE2d 598).

The same disposition is required in the present case.

*Judgment reversed with direction. Jordan, P. J., and Hall, J., concur.*

ARGUED FEBRUARY 5, 1969—DECIDED JULY 8, 1969.

*Swift, Currie, McGhee & Hiers, Charles L. Drew, W. Wray Eckl,* for appellants.

*Robert S. Lanier, Lee S. Alexander,* for appellee.