45609. AETNA CASUALTY & SURETY COMPANY
et al. v. NIX.

QUILLIAN, Judge. July 15, 1968, Fannie Lou Nix, the claimant in a workmen's compensation case, was employed by Owens-Illinois, Inc., working on machines which set up cartons for packing articles manufactured in the plant. According to the claimant's testimony a carton became jammed on the conveyer belt running from her machines which ran up toward the ceiling of the work area and the claimant climbed upon a pallet with a pole to jar the carton loose. The height required that the claimant jump up and down in an attempt to reach the carton and while doing so the pole became caught jerking the claimant causing her to almost fall and, according to her testimony, initiating pain in her back.

Present at the time of the alleged accident was the claimant's sister, Helen West, and another fellow employee, Howard Savage,

to whom the claimant made some remark concerning her accident.

The claimant then testified that while on her lunch break she in the presence of another fellow employee, Irene Rosser, informed her immediate supervisor, Eddie Collins that: "I don't believe I can make it, that I hurt my back and that I wanted to go home. . ." Claimant stated that the fellow employee said that she would like to go home, too, and the supervisor told them that they had both been out a good bit and that they should go back to their jobs or they would have to leave permanently.

Claimant made no further remarks concerning her accident and injury and worked until the end of her shift at which time she told her sister, Helen West, that she should inform the supervisor, Eddie Collins.

The claimant's sister, Helen West, testified that she recalled that her sister told her at the time x the accident and injury that she hurt her back and that also on the day following the accident she again told the claimant's supervisor, Eddie Collins, how her sister described to her that the accident and injury occurred. Mrs. West also stated that on several occasions Mr. Collins would again ask her concerning her sister and that other supervisors, namely John Moss, Jerry Aubrey and Mr. Green would inquire concerning the claimant.

Howard Savage testified that he was in the area of the claimant's machine on which she had been working and that the claimant mentioned that she had hurt her back. Irene Rosser confirmed the claimant's conversation with her supervisor, Eddie Collins, while on lunch break on the date of the accident.

Mr. Eddie Collins, the claimant's supervisor, then testified concerning his conversations with the claimant. Mr. Collins denied having any conversation while on lunch break on the date of the accident concerning any type of accident or injury and stated that he did recall talking to the claimant's sister sometime after the accident, whether it was three days or three months he could not remember, but that he did not place too much significance on the report since it came from the claimant's sister and not the claimant herself.

Mr. John Moss, production manager for the employer, testified

that he had talked with the clamaint over the telephone approximately two days after the alleged accident and injury when the claimant called to ask him to release her pay check to her sister. On being asked where she was by Mr. Moss, the claimant replied that she was in traction and stated that she had hurt her back but wasn't sure where she had hurt it or when but thought she might have hurt it on vacation. She specifically denied that she had hurt it at work. A note was made of this telephone conversation and was entered into the personnel records of the corporation and was later produced and entered into the record in this case. The claimant denied making the phone call to Mr. Moss.

The testimony of Dr. Dan Martin, the claimant's initial treating physician, shows that the claimant came to him on the evening of July 15, 1968, complaining of lumbo-sacral back pain among other things and that he hospitalized the claimant in Button Gwinnett Hospital on that date for treatment.

The testimony of Stanley A. Grindstaff, a representative of Metropolitan Insurance Company shows that a claim for treatment of the claimant's back condition was made with that company as the group insurance carrier at the claimant's husband's place of employment.

The testimony of Joseph Wheeler shows that he was a representative of Blue Cross-Blue Shield and he testified that the claimant herself filed claims with Blue Cross-Blue Shield as her hospitalization insurance carrier for her hospitalization commencing July 15, 1968, in Button Gwinnett Hospital and subsequent hospitalization in September of 1968 with reference to her treatment of her back.

The deputy director awarded compensation in this case, said award being affirmed by the full Board of Workmen's Compensation. The award of the full board was affirmed by the superior court and the employer appealed. *Held:*

The employer contends that the claimant did not give sufficient notice that she had received an injury which arose out of and in the course of her employment. With this contention we cannot agree. The evidence was sufficient to support the award that the claimant had complied with the notice required by

Code § 114-303.

"This court cannot make findings of fact; such is the exclusive function of the board. Our function in this regard is to ascertain whether any finding with which issue is taken is supported by any evidence." *U. S. Fire Ins. Co. v. Phillips,* 120 Ga. App. 51 (169 SE2d 665)).

*Judgment affirmed. Bell, C. J., and Whitman, J., concur.*
ARGUED SEPTEMBER 9, 1970—DECIDED NOVEMBER 23, 1970.

*Skinner, Wilson & Beals, Warner R. Wilson,* for appellants.
*Richard W. Best,* for appellee.