### 46190.   UNITED STATES FIRE INSURANCE COMPANY et al. v. PHILLIPS.

JORDAN, Presiding Judge. This is the second appeal to this court by the employer and carrier in a workmen's compensation case. On the previous appearance this court reversed with direction an order affirming an award for the employee because the findings of fact of the deputy director did not support his ultimate conclusions (1) that an accidental injury arose out of and in the course of employment, and (2) that the employer had knowledge of the injury within the time prescribed by law. See *U. S. Fire Ins. Co. v. Phillips,* 120 Ga. App. 51 (169 SE2d 665).

The new findings on which the present appeal is based, the award for the employee having been affirmed in the lower court, are as follows:

"I find from the evidence adduced at the hearing that the claim-

ant was employed by Claussen's, Incorporated as a relief route-man. That he drove the delivery trucks when any of the regular routemen were absent and in addition to making deliveries in the company trucks, that he also made deliveries for the company in his personal automobile.

"I find that the claimant was involved in an automobile accident in the late afternoon of February 28, 1967. That on that date, he had run a bread route in the Statesboro area and one of his customers was having a big dinner that night and needed more bread than he had on the truck. So, Mr. Phillips returned to the warehouse, loaded his car with bread and delivered it to the customer and then had preceded [sic] towards his home when the accident occurred.

"I find that the route the claimant was injured on was a direct route from the customer's place of business to his home, but not a direct route from Claussen's, Incorporated, warehouse to the claimant's home. In fact, the evidence shows that the claimant asked directions how to go the route he was taking at the time of the accident and he testified that he had never been on that route before.

"I find that it was customary for the claimant to deliver bread for the company in his personal car and in fact, he occasionally put gas in his car at the company tanks with the permission of his supervisor because it was being used for company business. Not only was he using the car for delivering bread, but he was also subject to call, and the evidence shows, that he was often called at night and told to report to work at some other town and places other than the company warehouse.

"I find that following the claimant's injury, he was confined to the hospital for approximately four weeks, then was confined at home for a few days and readmitted to the hospital for another week. That when he was able to get around after his injury, he went to the company warehouse and reported his injury to Mr. Cupid, his supervisor. Mr. Cupid testified that the claimant came and talked to him about the injury but he did not know what day it was on, and that he told the claimant he would have to take it up with someone else in the company.

"I find from the above report of this injury that the claimant gave

his employer a notice of the accident within the meaning of the Workmen's Compensation Act.

"I therefore find that even though this injury occurred on the claimant's way home, it is an accidental injury arising in and out of the course of his employment because of the nature of his work. That his delivering bread in his personal car which he had just done immediately prior to the accident, and due to the fact that he was subject to call to report to work in another town at any time [sic].

"I find that Ferrell Phillips was temporarily totally disabled as the result of the injury he sustained on February 28, 1967, from said date until August 1, 1967, the date he returned to work."

A perusal of the record discloses evidence to support the above findings which purport to bring the employment within the exceptions noted when the case was here before with respect to going to and from work, as summarized in *Corbin v. Liberty Mut. Ins. Co.*, 117 Ga. App. 823 (162 SE2d 226). It appears that the claimant, as a relief routeman, customarily used his personal automobile to make deliveries, that he was subject to call from his home to go to various places, and that his employer at least partially reimbursed him for the use of his personal automobile for transportation by furnishing gasoline, whereas regular routemen were allowed to drive company vehicles to and from home. We think it is reasonably clear that the deputy director purported to find, from the evidence of reimbursement with gasoline, and the "on call" status, that the employee was in fact in the course of his employment ordinarily while en route from or returning to his home, including his travel to his home when injured.

The record further discloses evidence to support the findings which purport to show that the employer had timely notice of the injury, in that he reported the injury to his supervisor "when he was able to get around after his injury." Notwithstanding the various requirements set forth in the statute with respect to notice, the basic rule as stated therein is "immediately . . . or *as soon thereafter as practicable." Code Ann.* § 114-303. (Emphasis supplied).

*Judgment affirmed. Quillian and Evans, JJ., concur.*

ARGUED MAY 5, 1971—DECIDED JUNE 4, 1971.

Charles L. Drew, Glover McGhee, for appellants.

Lanier & Lanier, Robert. S. Lanier, Lee S. Alexander, for appellee.