## 52208. SMITH v. TRAVELERS INSURANCE COMPANY et al.

MARSHALL, Judge.

Appellant Mrs. Smith, the widow of a deceased workman and claimant herein, brings this appeal from the order of the Superior Court of Hall County affirming the findings of the administrative law judge and full board of the Board of Workmen's Compensation denying her claim. Mrs. Smith enumerates four errors, all dealing with the findings of the administrative law judge, which had been adopted and affirmed by the full board and the superior court.

The transcript discloses the following pertinent facts. The deceased was a caretaker of a municipal cemetery in Gainesville. His normal duties Monday

through Friday involved opening the traffic gate to the cemetery each morning at 7:30 and then reporting to the office for his assigned duties for that day. He completed work each day at 5:30 p.m. but his daily duties required him to return to the cemetery at 7:30 p.m., or dusk, and close the traffic gate. He was paid overtime for the closing duties. On Saturday and Sunday his routine duties did not include caretaking of the cemetery grounds but did require him to open the traffic gate at 7:30 a.m. and close the gate at the end of the day. He also received overtime for these duties. On the day of his death, the deceased left home (which was within one or two blocks of the cemetery) and indicated to the claimant he had to hurry or he would be late. He apparently proceeded from his home, through a business shopping and parking area to a "T" intersection where traffic was controlled by a red light. The entrance to the cemetery where the traffic gate was located was situated at the top of the "T." The deceased walked from the parking area across a three lane road and then he could undertake his first required duty of the day, the unlocking of the gate. On the morning involved, the deceased apparently started across the three lane road with a green light in his favor. While crossing the first two of the three lanes, the light changed to red. As the deceased moved into the third lane, he was struck and killed by a passenger vehicle proceeding on its green light. Though the evidence does not disclose when it was opened, the gate to the cemetery was found to be open by an employee of the cemetery an hour after the incident. The administrative law judge found the deceased not to have been responsible for his own death but also found that the death did not arise out of and in the course of his employment. *Held:*

Mrs. Smith first enumerates as error that the award was without any evidence to support it. However, the deceased's supervisor stated that the deceased was under no instructions as to how he should proceed to work. The deceased could report through a pedestrian gate, go to the office and then return to unlock the gate (so long as it was unlocked by 7:30) or he could proceed directly to the traffic gate, unlock it and then report to the office. The mode of travel was the exclusive choice of the deceased. Under

these facts, he was not in the employment of the cemetery while going back and forth between the cemetery and his home. In doing so he was his own master and was subject to the will and order of no other person. Even assuming he had opened the gate (a matter of the sheerest speculation), he was coming from across the road toward the cemetery gate at the time of his death. For aught that appears, he may have been engaged in some temporary pursuit entirely disconnected from his employment. See *Savannah River Lumber Co. v. Bush,* 37 Ga. App. 539, 541 (140 SE 899).

The administrative law judge found that the deceased had not yet reached the premises of his employer. For that reason he concluded the fatal accident did not arise in the course of his employment. It is well established that injuries sustained by an employee while going to or coming from his employment are not compensable except in circumstances not here applicable. *Corbin v. Liberty Mut. Ins. Co.,* 117 Ga. App. 823 (162 SE2d 226); *Travelers Ins. Co. v. Ross,* 110 Ga. App. 312 (138 SE2d 474); *Georgia R. &c. Co. v. Clore,* 34 Ga. App. 409 (129 SE 799). Upon appeal from an award of the State Board of Workmen's Compensation, the evidence will be construed in the light most favorable to the party prevailing before the board. *Fulmer v. Aetna Cas. &c. Co.,* 85 Ga. App. 102 (68 SE2d 180). The finding of fact that deceased had not yet reached the premises of his employer, though not the only possible conclusion, is a reasonable conclusion under the facts. A finding of fact by the board, when supported by any evidence, is conclusive and binding upon the court, and the judge of a superior court does not have any authority to set aside an award based on those findings of fact merely because he might disagree with the conclusions. *Indemnity Ins. Co. v. O'Neal,* 104 Ga. App. 305 (3) (121 SE2d 689); *Dept. of Revenue v. Graham,* 102 Ga. App. 756 (2) (117 SE2d 902); *Hartford Acc. &c. Co. v. Davis,* 73 Ga. App. 10 (1) (35 SE2d 521). See also *Howard Sheppard, Inc. v. McGowan,* 137 Ga. App. 408, 410 (224 SE2d 65).

Though appellant complains that the opening of the gate was a special mission and required special efforts and exposures to danger in order to accomplish this duty, the

facts are to the contrary. The opening of the gate was just one more duty assigned to the deceased.

The hazards encountered by employees while going to or returning from their regular place of work, before reaching or after leaving the employer's premises, are not ordinarily incident to the employment, and for this reason injuries resulting from such hazards are in most instances held not to be compensable as arising out of and in the course of the employment. *Wilcox v. Shepherd Lumber Corp.*, 80 Ga. App. 71, 74 (55 SE2d 382).

The superior court did not err in affirming the award of the administrative law judge as adopted by the full board.

*Judgment affirmed. Pannell, P. J., and McMurray, J., concur.*

ARGUED MAY 4, 1976 — DECIDED JUNE 14, 1976.

*Stow, Garvin & Glenn, James A. Glenn, Jr.,* for appellant.

*B. A. Balden, James E. Palmour, III,* for appellees.