## 55721. DEPARTMENT OF HUMAN RESOURCES v. JANKOWSKI.

McMURRAY, Judge.

This case involves the question of whether or not a state employee who was injured while on the property of

the Georgia Building Authority (Archives Building) where she had parked her automobile and was proceeding to her office for work arose out of and in the course of her employment. The administrative law judge hearing the case determined that the State Archives Building is administered by the Georgia Building Authority; that the parking space (in the basement) is assigned to the employee for the purpose of parking her automobile, albeit she is required to pay $8 per month for the privilege and does not necessarily have to use the parking facility; and after parking her automobile the state employee was on her way, by the most direct route, to work at her assigned office. Based upon the above, the administrative law judge determined that her injury when she tripped and fell over a chain stretched across the driveway arose out of and in the course of her employment, citing *Federal Ins. Co. v. Coram,* 95 Ga. App. 622 (98 SE2d 214), and *U. S. Cas. Co. v. Russell,* 98 Ga. App. 181 (105 SE2d 378). The award was affirmed by the trial court. The employer appeals. *Held:*

1. The evidence shows the parking space was assigned to the state employee for the convenience of the employer (as well as the employee) even though she was required to pay $8 per month for same, was not required to use it, and could avail herself of other means of transportation to and from work so as to arrive at her place of employment without entering the facilities of the Georgia Building Authority. Nevertheless, she availed herself of this privilege and when she arrived on the Georgia Building Authority property she was in fact on state property, "the employer's premises," placed there for its convenience as well as convenience of the employee. Her injuries, therefore, occurred during her employment and arose out of and in the course of her employment. In the *U. S. Cas. Co. v. Russell* case, claimant was entitled to a "reasonable time for ingress to and egress from the place of work, while on the employer's premises." Certainly, the Georgia Building Authority property is "a lot supervised by plant guards [Building Authority personnnel and police] for that purpose." This case is on all fours with *U. S. Cas. Co. v. Russell,* 98 Ga. App. 181, 182, supra.

2. The appellant argues that such cases as *Smith v.*

*Travelers Ins. Co.,* 139 Ga. App. 45 (227 SE2d 868); and *American Mut. &c. Ins. Co. v. Curry,* 187 Ga. 342 (200 SE 150) are controlling here. However, both differ on the facts. In the *Smith v. Travelers Ins. Co.* case the claimant had not parked in parking facilities provided for his convenience such as here, but had walked through a business shopping and parking area across the street from a cemetery where he was employed. He had not reached his place of employment when he was struck while crossing a three-lane street, and the administrative law judge determined these injuries did not arise out of and in the course of his employment. The *American Mut. Ins. Co. v. Curry* case involved the gratuitous and permissive riding of a vehicle of the employer in going to and from his work. Neither of these two cases are controlling on the facts here.

To adopt appellant's view would authorize coverage of a state employee only after she actually reached her office since the majority of the work area of state employees is rented by each department from the Georgia Building Authority.

*Judgment affirmed. Bell, C. J., Deen, P. J., Smith, Shulman and Banke JJ., concur. Quillian, P. J., Webb and Birdsong, JJ., dissent.*

ARGUED APRIL 6, 1978 — DECIDED SEPTEMBER 14, 1978 — REHEARING DENIED OCTOBER 12, 1978.

*Arthur K. Bolton, Attorney General, Lawson & Davis, G. Thomas Davis,* for appellant.
*Paul S. Liston,* for appellee.

QUILLIAN, Presiding Judge, dissenting.

The administrative law judge, in the award, found as a matter of fact that the State Archives Building is "located across two streets from the building wherein the claimant had her principal office, but, of course, is state property administered by the Georgia Building Authority." The administrative law judge further found: "On March 23, 1976, the claimant sustained an injury by accident arising out of and in the course of her

employment when, while walking by the most direct route from her assigned parking space in a state parking facility, and while on state property, she tripped and fell over a chain stretched across a driveway, and sustained multiple fractures to her left elbow. *Federal Ins. Co. v. Coram,* 95 Ga. App. 622, 624; *U. S. Cas. Co. v. Russell,* 98 Ga. App. 181."

The Attorney General representing the Department of Human Resources and the State of Georgia urges that the award was in error on the following grounds: 1) there was no evidence to support a finding that the claimant's employer furnished a parking space to her, 2) there was no evidence to sustain a conclusion that the accident occurred on state's property, 3) there was no evidence that the claimant was on her employer's premises.

The evidence showed that the claimant had not reached her employment when she was injured. She was injured when she fell in a parking facility in a separate building from where she worked. The parking facility was owned and operated by the Georgia Building Authority, not by her employer which is the Georgia Department of Human Resources. The Building Authority is a separate legal entity which can sue and be sued in its own right. The parking space was not furnished to the claimant by the state. She rented the parking space from the Authority.

The cases cited by the administrative law judge (*Federal Ins. Co. v. Coram,* 95 Ga. App. 622, 624 (98 SE2d 214); *U. S. Cas. Co. v. Russell,* 98 Ga. App. 181 (105 SE2d 378)) in his award are distinguishable because in those cases the claimant was injured while on the employer's premises.

The claimant having received her injuries while en route to her employment was not entitled to compensation. *Smith v. Travelers Ins. Co.,* 139 Ga. App. 45 (227 SE2d 868); *American Mut. &c. Ins. Co. v. Curry,* 187 Ga. 342 (200 SE 150).

I am authorized to state that Judge Webb and Judge Birdsong join in this dissent.

BIRDSONG , Judge, dissenting.
In addition to the reasons advanced by Judge

Quillian in his dissent, I find that the cases of *Federal Ins. Co. v. Coram,* 95 Ga. App. 622, 624 (98 SE2d 214); *U. S. Cas. Co. v. Russell,* 98 Ga. App. 181 (105 SE2d 378), cited as authority by the majority, in my opinion, are not controlling in the case sub judice for the reason that both cases involved injuries to employees sustained on the *premises of the employer.*

In the *Coram* case, it was "stipulated and agreed that the parking lot in which the employee's car was parked was *on the premises of the employer,* was furnished *by the employer...*" (Emphasis supplied.), *Coram,* p. 623 (7). The *Russell* case also involved an injury to an employee "... going from or returning to *company-supplied* parking facilities *on the premises . . ."* (Emphasis supplied.) *Russell,* p. 184. The issue presented in *Russell* was still narrower: Once the employee is on the premises of the employer, what is a reasonable time before starting work during which the "course of employment" may be said to have begun?

The majority's decision is based on the premise that the employee was injured on the employer's premises. The majority has concluded that, merely because the parking facilities were owned by the claimant's employer (the state), she was entitled to recover. Yet, should a different result obtain if the employer had parked in a privately-owned facility? Were the majority to hold that the "course of employment" begins when the employee parks her vehicle pursuant to entering her place of employment, I would not quarrel with the result. I am unable to agree, however, with the majority's conclusion that the state employee's voluntary and fortuitous decision to park on state-owned facilities entitles her to workmen's compensation benefits when injured thereon.

For the reasons stated, I respectfully dissent.