A92A0665. WILLIAMS v. ATLANTA FAMILY RESTAURANTS, INC.
(419 SE2d 328)

Johnson, Judge.

Amber Noel Williams (Williams) appeals the denial of her claim for workers' compensation benefits for injuries which she alleges arose out of and were sustained in the course of her employment with Atlanta Family Restaurants, Inc. (AFR). The issues in this case were first heard by an administrative law judge who found Williams' claim not to be compensable. On appeal, the State Board of Workers' Compensation affirmed the denial of benefits. The Superior Court of

Banks County affirmed the Board's decision by operation of law. This is a discretionary appeal granted pursuant to OCGA § 5-6-35.

Following a hearing, the administrative law judge made the following findings of fact. Williams went to Commerce, Georgia, to assist in the training of waitresses for a new Shoney's restaurant owned by AFR. She was housed at the Econo Lodge motel along with several other members of the training staff. After working for several days, she and some other employees decided that their uniforms needed washing. The supervisory personnel were staying at a Holiday Inn motel nearby which had laundry facilities. It was decided that while the laundry was being done, all of the employees would have something to eat and drink at the lounge at the Holiday Inn. There was a live band playing at the lounge and it is uncontroverted that everyone was drinking. At approximately 11:00 p.m., Williams' roommate informed her that the laundry was finished and that she was returning to the Econo Lodge. Williams had met some people not associated with AFR and decided not to accompany her, but to stay and dance. Later in the evening, prior to retiring, Williams' supervisors offered to give her a ride back to her motel. She again refused, stating that she preferred to remain with her new friends who would drive her back to the motel. Williams left the Holiday Inn around midnight with a woman and three men whom she had met in the lounge. After dropping off the only other woman in the group and her boyfriend, Williams was taken down a dirt road, raped and sodomized by the remaining two men.

In denying Williams' claim for benefits, the administrative law judge found that Williams "stepped aside from her job" at the time she refused her supervisors' offer of a ride and had "embarked on a personal mission unrelated to her job." (Order of Judge Stargel dated April 2, 1991, paragraph [2]). We agree.

Williams' three enumerations of error address the same issue, that the State Board erred in failing to find that her injuries arose out of and in the course of her employment. "To be compensable under workers' compensation, an injury or death of an employee must be one 'arising out of' and 'in the course of' the employment. OCGA § 34-9-1 (4). These two terms are not synonymous. [Cit.] An injury or death 'arises out of employment' when it is apparent to the rational mind, upon consideration of all the circumstances, that there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. [Cit.] 'In the course of' employment 'refers to time, place and circumstances under which the accident took place. . . .' [Cit.]" *Blair v. Ga. Baptist &c.,* 189 Ga. App. 579, 580-581 (377 SE2d 21) (1988). "An accident 'arises in the course of the employment' within the meaning of the compensation Act when it occurs within the period of employment at a place where

the employee reasonably may be in the performance of his duties while he is fulfilling his duties *or engaged in doing something incidental thereto.*" *Barge v. City of College Park,* 148 Ga. App. 480, 481 (1) (251 SE2d 580) (1978). The courts of this state, in effectuating the humane purposes for which the Workers' Compensation Act was enacted, have taken a broad view in evaluating those activities which are incidental to employment, particularly in those cases which require employees to travel away from home.

Williams argues that this case is "incredibly similar" to *McDonald v. State Hwy. Dept.,* 127 Ga. App. 171 (192 SE2d 919) (1972). In *McDonald,* the employee was required to stay in a hotel while working at an out-of-town job site. After an evening of playing poker and drinking with fellow employees and having a final drink in the hotel lounge, McDonald fell down a flight of stairs on his way back to his room. The fall resulted in injuries which caused his death. Although not engaged in sales, this court likened his employment situation to that of a traveling salesman. " 'By the very nature of his work, a traveling salesman is not usually restricted to working on a schedule of hours. His employment is broader in scope than that of ordinary employees, his hours are more irregular, and usually longer, than those of general employees working in a fixed location. . . . He must of necessity eat and sleep in various places in order to further the business of his employer . . . The eating of meals, while a pleasure indulged in by a traveling salesman and all mankind, is as necessary to the continuance of his duties as the breath of life; and where his duties take him away from his home, *his acts of ministration to himself should not — and we believe do not — take him outside the scope of his employment, so long as he performs these acts in a normal and prudent manner.*' " Id. at 173-174.

Our examination must focus on the operative phrase: "in a normal and prudent manner." The McDonald case is particularly helpful to us because in that case and the case presently before us, the claimants had consumed alcoholic beverages. The court in that case was not troubled by the fact that the claimant had been drinking as it is not an illegal activity, and there was no showing that it was a causative factor in his fall. McDonald was walking back to his room at the time the accident occurred. He had not left the premises. That distinction alone is not dispositive and the court specifically noted that a travelling employee could not reasonably be expected to be confined to his own room. Nonetheless, Williams was a 22-year-old woman staying in a strange town. By her own admission, she had consumed five drinks. After refusing two rides back to her motel from her co-employees, she entrusted her safety to people who she had met only that evening. In these circumstances, we cannot find that the decisions made by Williams with regard to her own safety were normal or

prudent.

"While lodging in a hotel or preparing to eat, or while going to or returning from a meal, he is performing an act incident to his employment, *unless he steps aside from his employment for personal reasons.*" (Emphasis supplied.) *Thornton v. Hartford Accident &c. Co.*, 198 Ga. 786 (32 SE2d 816) (1945). In this case, when Williams declined the offered rides back to her motel and chose to remain "to finish her drink and dance" she stepped aside from her employment. We concur with the findings of the administrative law judge who noted that Williams left even the expanded scope of employment recognized by the courts of this state for travelling employees at that point and relieved her employer of any responsibility under workers' compensation for her own injury.

"Upon appeal, the evidence will be construed in a light most favorable to the party prevailing before the board, and every reasonable factual inference and presumption of validity of award should be indulged in by the reviewing court." *Harper v. L & M Granite Co.*, 197 Ga. App. 157, 159 (2) (a) (397 SE2d 739) (1990).

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED MAY 15, 1992 —
RECONSIDERATION DENIED MAY 27, 1992 — 

*Byars & Slappey, E. Scott Slappey,* for appellant.
*Sligh, Presmanes & Jackson, Gregory T. Presmanes, James G. Jackson,* for appellee.