A92A2230. JOSE ANDRADE PAINTING et al. v. JAIMES.
(428 SE2d 640)

COOPER, Judge.

We granted appellants' application for discretionary appeal in this workers' compensation case to determine whether the superior court erred in reversing the full board's denial of benefits to appellee on the ground that he was not injured in the course of his employment.

Appellee was employed as a painter for appellant Jose Andrade Painting ("the employer"). Jose Andrade would meet his employees every morning at an apartment complex to give out work assignments. The apartment complex was chosen as a meeting point because many of the employees lived in or around the complex. After receiving their work assignments, the employees would form car pools to travel to the various job sites, using their own vehicles, the employer's vehicle and another vehicle furnished by the employer. On occasion, the employer would give employees money for gas. At the

end of the work day, some employees would return to the complex to drop off co-workers from the complex. The workers were only paid for time at the job site. Appellant was injured returning to the apartment complex at the end of a work day in a co-worker's car. On the day of the accident the co-worker was not given any money for gas.

Relying on *American Mut. Liability Ins. Co. v. Curry*, 187 Ga. 342 (200 SE 150) (1938), the ALJ and full board denied appellee's claim for benefits, finding that it was "only by custom that [appellee] caught rides with other workers at the [apartment complex]," that the employer did not furnish transportation to the employees, and that like the employee in *Curry* appellee was free to travel to work in a private automobile or other mode of transportation; therefore, appellee's accident did not arise out of or in the course of his employment. Reversing the full board, the superior court held that the board misread *Curry* and *Hamner v. White*, 80 Ga. App. 648 (56 SE2d 653) (1949) and applied an erroneous legal standard. The trial court concluded that the test is not whether the employer furnished the vehicle or whether the employees ride together by custom but "whether the transportation to and from work served the mutual benefit of the employer and the worker in order to facilitate the progress of the work," citing *Curry*. In this appeal, appellants, the employer and its workers' compensation carrier, contend the superior court erred in failing to apply the "any evidence" rule and in substituting its own legally erroneous test to review appellee's claim.

It is well settled that " 'a workman injured going to or [coming] from the place of work is not "in the course of his employment." There is an exception, however, as well established as the rule itself. The exception, which is supported by overwhelming authority, is this: When a workman is so injured while being transported in a vehicle *furnished by his employer* as an incident of the employment, he is within "the course of employment," as contemplated by the act. In other words, when the vehicle is *supplied by the employer* for the mutual benefit of himself and the workman to facilitate the progress of the work, the employment begins when the workman enters the vehicle and ends when he leaves it on the termination of his labor. This exception to the rule may arise either as the result of custom or contract, express or implied. It may be implied from the nature and circumstances of the employment and the custom of the employer to furnish transportation.' [Cit.]" (Emphasis supplied.) *Curry*, supra at 353-354 (2); *Lockhart v. Liberty Mut. Ins. Co.*, 141 Ga. App. 476, 482 (4) (233 SE2d 810) (1977). Appellants contend the superior court ignored the first prong of the test, that the vehicle be furnished by the employer, and point out that because the board did not find that the employer furnished transportation for the employees it was not necessary to reach the question of whether the transportation mutually

benefitted appellee and the employer. We agree.

Appellee argues that because the employees met each morning at the apartment complex to receive job assignments, made travel arrangements and then immediately proceeded to the job sites, that the car pooling done by the employees was for the employer's convenience and thus was travel in the course of employment. If appellee is correct, then it must be proven that the employer used his employees' vehicles in furtherance of his own business interests (see *Curry*, supra at 359) because although the evidence demonstrates that the employer allowed his personal vehicle and another vehicle to be used to transport employees to the job sites, the fact remains that appellee was injured in a car which belonged to another employee. Relying on *Cooper v. Lumbermen's Mut. Cas. Co.*, 179 Ga. 256 (175 SE 577) (1934), for the proposition that injuries sustained while riding in the vehicle of a third party may arise in the course of employment, appellee stresses the importance of the morning meetings and also argues that if he had been injured between the apartment complex and the job site in the morning, his injury would have been compensable; therefore, injuries sustained between the job site and the apartment complex at the end of the day should also be compensable because they were sustained during the completion of the transportation cycle. In *Cooper*, however, the court found that the employee's employment began at a mill near his home although his duties were performed at a location 20 miles away and that his injury was sustained between the mill and his place of work; thus, the court concluded that he was in furtherance of his employer's business when he was injured. In the instant case, the evidence demonstrates that some employees go directly to the job sites in the morning without meeting at the apartment complex; that the employees could participate in the car pooling effort as passengers and drivers solely at their option according to personal convenience; that the employer did not bear any expense for appellee's transportation on the day of his accident; and that the employees were only paid for time at the job site. Therefore, it appears that the employees who attended the morning meetings were merely informed at those meetings of the destination of the car pools and then were provided with the opportunity to catch rides with other workers willing to transport them. Moreover, the evidence supports findings that appellee's employment or place of work was at a given job site; that he was free to arrange transportation with the car pools or make other arrangements; "that at the time of his injury his work for the day had been completed; that he had left the premises of his employer and was on his way to his home; that his time was his own, unrestricted and unaffected by his employment to go whence and how he pleased; that he was doing nothing in furtherance of the company's business." *Curry*, supra at 359. Appellee argues further

that if the employer avails himself of his employees' vehicles to get his employees to work in the morning, then there is an implied obligation to get the employees back home or to the point of origin at the end of the day; therefore, travel to the point of origin at the end of the work day is within the course of employment. However, the employer's participation in the car pooling effort was not of such a character so as to require the conclusion that car pooling, while certainly a convenience, was more than a custom or by implication a part of the employment contract.

We do not find that *Hamner v. White*, supra, requires a different result because in that case, the board concluded that the evidence showed that the employee's employment began when he boarded the employer's truck to go to the work place. " 'Upon appeal, the evidence will be construed most [favorably] to the party prevailing before the board, and every reasonable factual inference and presumption of validity of award should be indulged in by the reviewing court. (Cits.) Neither the superior court nor this court has any authority to substitute itself as a fact-finding body in lieu of the board; an appellate body is bound by the "any evidence" standard of review, and is not authorized to substitute its judgment as to weight and credibility of witnesses. (Cits.)' [Cit.]" *Impress Communications v. Stanley*, 202 Ga. App. 226, 229 (1) (414 SE2d 238) (1991). The board held that appellee's injuries were not in the course of his employment, and there is evidence to support that decision. Accordingly, the superior court erred in reversing the award of the full board.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 3, 1993.

*Croy, Harris & Hammond, Judy G. Croy*, for appellants.
*Harris, Van Gelderen & Cruz, Ruben J. Cruz, Laurence L. Christensen*, for appellee.