A95A0766. LEWIS v. CHATHAM COUNTY SAVANNAH
METROPOLITAN PLANNING COMMISSION et al.
(458 SE2d 173)

McMurray, Presiding Judge.

This is a workers' compensation case in which the sole issue is whether claimant Lewis' injury in a motor vehicle collision arose out of and in the course of her employment or whether she had deviated from her employment at the time of the collision. Claimant had permission to use the employer's vehicle for the combined purpose of doing personal banking, running an errand for the employer, and performing banking activities for the employer. Prior to completing her employer's banking, Lewis deviated from the errand route to have lunch in another part of the city, but recognized that she did not have sufficient time and turned back towards the bank where she was expected to conduct her employer's business before the collision occurred.

The administrative law judge characterized Lewis' aborted deviation for lunch as a slight deviation and concluded that since she had turned back towards the bank where her employer's banking activities were expected to occur, that the accident arose out of and in the course of her employment. With changes not relevant to this appeal the Appellate Division adopted the findings of fact and conclusions of law entered by the administrative law judge. On appeal to the superior court, the State Board of Workers' Compensation's ("Board") award was reversed based on the superior court's conclusion that the deviation was significant, that Lewis had no permission to be where she was at the time of the collision, and that even though Lewis had turned back, she was still deviating from her permitted use of the employer's vehicle at the time of the collision. *Held:*

If we view the questions concerning magnitude of deviations from employment as points on a continuum, we recognize several distinct categories have evolved. A "slight deviation" is an act so closely connected with the master's affairs that even though the employee may derive some benefit from it, it may nevertheless be fairly regarded as arising out of and in the course of employment. *Hartford Accident &c. Co. v. Souther*, 110 Ga. App. 84 (1) (137 SE2d 705). The next group of cases acknowledges a temporary departure from the master's business and places great importance on whether the deviation has terminated before the injury for which compensation is sought. Where an employee departs from the employer's business for a personal reason, but then concludes the personal mission and resumes

the employer's business before an injury occurs, the injury is viewed as arising out of and in the course of employment. *Fulton County Civil Court v. Elzey*, 101 Ga. App. 520, 523 (114 SE2d 314); *Parks v. Maryland Cas. Co.*, 69 Ga. App. 720, 723 (26 SE2d 562). There is language in the administrative law judge's award adopted by the Board which suggests each of these preceding categories is the basis of the award. Either category fully supports the award of the Board.

While we have found no cases which define the boundaries of these concepts in either time or space, we are inclined to believe that at some point a departure from the master's business may become so great that merely concluding the personal errand and turning back will not be viewed as a resumption of the employer's business. The superior court apparently concluded that this was such a case. This area of the continuum may be associated with cases which hold that injuries received by an employee while on a purely personal mission which bears no purpose of benefit for the employer do not arise out of and in the course of employment.

In any event, since the boundaries of these categories are rather imprecisely defined and the determination of the appropriate group is largely a factual determination, the Board is vested with a broad discretion in identifying which category in which to place the circumstances of a given claimant. In the case sub judice, we find no abuse of this discretion and view the superior court's judgment as the substitution of its view on a factual issue for that of the Board. This was reversible error.

The cases cited by appellees as authority for sustaining the superior court's reversal of the Board may be distinguished for either of two reasons. First, there are cases where the injury occurred prior to termination of the employee's deviation from the employer's business. These include *Dawson Chevrolet Co. v. Ford*, 47 Ga. App. 312 (170 SE 306); *Atlanta Coca-Cola Bottling Co. v. Brown*, 46 Ga. App. 451 (167 SE 776); *Selman v. Wallace*, 45 Ga. App. 688 (165 SE 851); *Savannah Electric Co. v. Hodges*, 6 Ga. App. 470 (65 SE 322). The remaining cases cited by appellees are distinguished because the employee was injured while on a purely personal mission which bore no purpose of benefit for the employer. These include *Coffee Chrysler-Plymouth-Dodge v. Nasworthy*, 198 Ga. App. 757 (403 SE2d 453); *Ocean Accident &c. Corp. v. Farr*, 180 Ga. 266, 270-271 (178 SE 728); *Grant v. Jones*, 168 Ga. App. 690 (310 SE2d 272); *Fulton Bag & Cotton Mills v. Eudaly*, 95 Ga. App. 644, 646 (98 SE2d 235).

*Judgment reversed. Andrews and Blackburn, JJ., concur.*

Decided June 5, 1995.

*Jones, Boykin & Associates, Robert K. Hardeman,* for appellant.
*Howard, Racz & Lawrence, Molly M. Howard,* for appellees.