### A95A2681. EICKHORN v. BOATRIGHT et al.
(467 SE2d 214)

BIRDSONG, Presiding Judge.

This is a suit for damages arising out of a two-vehicle collision. Appellant/plaintiff William Eickhorn b/n/f Mary Ann Mathis appeals from the order of the trial court granting summary judgment to appellees/defendants Rawleigh O. Boatright, Chris L. Starling, and Deep South Industrial Cleaning, and granting summary judgment to State Farm Automobile Insurance Company, named in the suit as the uninsured motorist carrier. Appellant's sole enumeration is that the trial court erred in granting summary judgment to appellees when the evidence showed that plaintiff was in the general employment of Deep South but was not in the course and scope of his employment at the time of the injury and would not begin his employment until he began work at the job site hours or days away.

Appellant was a laborer employed by Deep South; appellees Rawleigh O. Boatright and Chris L. Starling were co-employees. The work involved industrial cleaning at various job sites and required appellant to travel to the job sites and stay several days at a time. At the time of the incident, appellant and his co-employees were en route from Jesup, Georgia, to a job site in Florida riding in two Deep South-owned pickup trucks. Deep South employees could travel to the job sites in any manner they desired, but Deep South did furnish company vehicles for job site travel. Appellant was a passenger in one of the company trucks driven by appellee Starling; the truck driven by Starling was being followed by the other company truck driven by appellee Boatright. Starling had to apply his brakes forcefully to avoid hitting another vehicle; and the Boatright-driven truck then collided with the back end of the Starling-driven truck. Appellant sustained a severe head injury in the collision. Deep South had workers' compensation insurance in force on the date of the injury.

The trial court, relying on the precedent of *Jose Andrade Painting v. Jaimes*, 207 Ga. App. 596 (428 SE2d 640), granted summary judgment to appellees based on appellees' contention that appellant's injury arose out of and in the scope of his employment and thus appellant's exclusive remedy is under the Workers' Compensation Act

(OCGA § 34-9-11). *Held*:

1. The applicable summary judgment standard is that of *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

2. "It is well settled that a workman injured going to or coming from the place of work is not in the course of his employment. There is an exception, however, as well established as the rule itself. The exception, which is supported by overwhelming authority, is this: When a workman is so injured while being transported in a vehicle furnished by his employer as an incident of the employment, he is within the course of employment, as contemplated by the act. In other words, when the vehicle is supplied by the employer for the mutual benefit of himself and the workman to facilitate the progress of the work, the employment begins when the workman enters the vehicle and ends when he leaves it on the termination of his labor. This exception to the rule may arise either as the result of custom or contract, express or implied. It may be implied from the nature and circumstances of the employment and the custom of the employer to furnish transportation." (Citations, punctuation, and emphasis omitted.) *Jose Andrade Painting*, supra at 597; compare *Cooper v. Lumbermen's Mut. Cas. Co.*, 179 Ga. 256 (175 SE 577).

It is uncontested that appellant was injured while riding to the job site in a vehicle furnished by his employer for the purpose of transporting employees thereto. The remaining contention is whether the vehicle was furnished as an incident of employment, such as for the progress of the work, by Deep South at the time of appellant's injury. The trial court concluded from the evidence before it that since appellant was going to an out-of-state job site at the time of his injury, the employer's provision of transportation was clearly for the mutual benefit of the employer and the workman to facilitate the progress of the work.

Both appellant and appellees assert on appeal that appellees Starling and Boatright, the co-workers of appellant Eickhorn, were at the time of appellant's injury driving vehicles owned by appellee Deep South and were in the course and scope of their employment. Appellant contends, however, that a genuine issue of material fact exists whether the Deep South vehicle in which he was riding to the job site was provided for the mutual benefit of his employer and himself, and whether it was provided to facilitate the work. There exist uncontroverted facts that, at the time of appellant's injury, the two pickup trucks involved in the collision were owned by the employer, were being driven by company employees who were then acting in the course and scope of their employment, and that appellant who also was employed by the company was riding in the truck to an out-of-state job site. Further, as stated in an answer to interrogatories and thereafter uncontroverted, several vehicles were traveling in a Deep

South "convoy" at the time of the collision. The first vehicle in the Deep South convoy was a 40-foot trailer/truck; the second vehicle in the convoy was driven by an individual named Middleton; the crew supervisor was in the last vehicle in the convoy.

In ruling on a summary judgment motion, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all reasonable inferences and conclusions arising therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843). However, when only one *reasonable* inference can be drawn from the uncontroverted facts in evidence, that is the inference which will be drawn. There exists but one reasonable inference that can be drawn from the circumstances surrounding appellant's status as a passenger/employee in the Deep South pickup; specifically, the transporting of appellant to an out-of-state job site in a company vehicle and other employees in company vehicles and/or other vehicles traveling in convoy was for the mutual benefit of both the employer and the employees (including appellant). No other reasonable inference can be drawn but that the providing of company transportation under such circumstances was to facilitate the progress of the work by ensuring that both equipment and personnel would arrive timely at the out-of-state job site. Accordingly, although the job site was in Florida, appellant's employment began when he entered the company-owned vehicle that was provided for his and his employer's mutual benefit. Appellant's exclusive remedy for the claims he raises is that provided by the Workers' Compensation Act. See generally OCGA § 34-9-11.

*Jose Andrade Painting*, supra; *Williams v. Atlanta Family Restaurants*, 204 Ga. App. 343 (419 SE2d 328) and *Johnstown Financial Corp. v. Roper*, 170 Ga. App. 575 (317 SE2d 634) are factually distinguishable from this case.

The trial court did not err in granting summary judgment in favor of appellees (appellant's employer and co-employees). "[A] grant of summary judgment must be affirmed if it is right for any reason." *Hanna v. McWilliams*, 213 Ga. App. 648, 651 (3) (446 SE2d 741).

3. The trial court did not err in granting summary judgment to the uninsured motorist carrier, State Farm. As a result of the exclusivity provision of OCGA § 34-9-11 (see Division 2), appellant is barred by law from procuring a judgment against the appellee tortfeasors. Pursuant to OCGA § 33-7-11 (a) (1) and (j), appellant is required to obtain a judgment against the tortfeasor(s) prior to proceeding directly against the uninsured motorist carrier. Compare *Williams v. Thomas*, 187 Ga. App. 527, 528-529 (370 SE2d 773). Additionally, the State Farm insurance policy, at issue, also requires that

the damages for bodily injury or property damage be of the type which the insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. See *Williams v. Thomas,* supra.

In view of this holding, we need not address whether the vehicle in which appellant Eickhorn was riding was an uninsured motor vehicle either within the meaning of OCGA § 33-7-11 (b) (1) (D) (ii) or within the terms of the State Farm policy here at issue.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED JANUARY 22, 1996.

*Richard Phillips,* for appellant.

*Zorn & Caldwell, Jerry W. Caldwell, Karsman, Brooks & Callaway, Stanley Karsman, Tracie G. Smith,* for appellees.