## A96A1880. LEE v. SEARS et al.
### (479 SE2d 196)

BLACKBURN, Judge.

Jeffery Lee brought this automobile negligence case against William Sears and Hughes Waste Management, Inc., but the trial court found his suit barred by the exclusive remedy provisions of the Workers' Compensation Act, OCGA § 34-9-11, and granted the defendants' motion for summary judgment. Lee appeals, and we affirm.

When an employee is negligently injured by a co-employee and his injury "arises out of and in the course of employment," the employee's exclusive remedy against either his employer or the co-employee is a claim for workers' compensation benefits. *Johnson v. Hames Contracting*, 208 Ga. App. 664, 667 (4) (431 SE2d 455) (1993). Although Lee admits the injury occurred "in the course of" his employment with Hughes, he denies it "arose out of" that employment.

Lee worked for Hughes as a plumber. He did not have a driver's license, so Sears, another Hughes employee, usually picked him up for work each morning in a company vehicle, drove him to the office and to various work sites, and then drove him home again at night. Hughes' president claims this arrangement was beneficial to the company. On the day of the accident, Sears picked up Lee and took him to the office. As there were few assignments that day, the two left the office in a company vehicle and went to Valentino's Lounge. According to Lee, Valentino's was on the way to his home. Lee and Sears ate lunch and remained at Valentino's several hours, playing pool and apparently drinking alcoholic beverages. At approximately 5:00 p.m., the two got back in the company truck, and Sears drove Lee toward Lee's home. They were involved in an automobile accident en route to Lee's residence.

Whether an injury arises out of and in the course of employment is generally a mixed question of law and fact. But where, as here, the material facts are not in dispute, that issue may be determined as a matter of law. *Blair v. Ga. Baptist Children's Home &c.*, 189 Ga. App. 579, 581 (1) (377 SE2d 21) (1988). After reviewing the record de novo and in a light most favorable to Lee, we find no genuine issues of material fact exist, and the trial court did not err in granting summary judgment for Sears and Hughes. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

1. In his first enumeration of error, Lee contends the trial court erred in applying the "employer-furnished vehicle rule." That rule determines whether an employee who is taking advantage of employer-provided transportation to work is acting "within the course of" his employment. See generally *Eickhorn v. Boatright*, 219 Ga. App. 895, 896 (2) (467 SE2d 214) (1996); *Indem. Ins. Co. of North*

*America v. Bolen,* 106 Ga. App. 684, 687-688 (1) (127 SE2d 832) (1962). However, because Lee admitted in his response to the motion for summary judgment that the accident occurred in the course of his employment, we need not address whether this rule applies. Accordingly, we need not consider any other of Lee's arguments directed towards this issue. See *Kannady v. State Farm &c. Ins. Co.,* 214 Ga. App. 492, 495 (5) (448 SE2d 374) (1994) (appellate court does not consider grounds not raised below).

2. The trial court also properly concluded this accident arose "out of" Lee's employment. An injury arises out of employment when a reasonable person would perceive a causal connection between an employee's working conditions and his injury. *Hennly v. Richardson,* 264 Ga. 355, 356 (1) (444 SE2d 317) (1994). Lee's injury has a causal relationship to his employment because "his work brought him within range of the danger by requiring his presence in the locale when the peril struck, even though any other person present would have also been injured irrespective of his employment. [Cit.]" *Nat. Fire Ins. Co. v. Edwards,* 152 Ga. App. 566, 567 (263 SE2d 455) (1979); see *Bolen,* supra at 688-689 (2).

Although Lee argues the stop at Valentino's was a personal mission, this fact does not alter our analysis. "Where an employee departs from the employer's business for a personal reason, but then concludes the personal mission and resumes the employer's business before an injury occurs, the injury is viewed as *arising out of* and in the course of employment. [Cit.]" (Emphasis supplied.) *Lewis v. Chatham County &c. Planning Comm.,* 217 Ga. App. 534, 535 (458 SE2d 173) (1995). The evidence shows without question that taking Lee home in the Hughes truck was part of the employer's business.

Like the woman who was attacked by a stranger while going to her vehicle in the employer-provided garage in *Macy's South v. Clark,* 215 Ga. App. 661, 662-663 (1) (452 SE2d 530) (1994), Lee was injured while taking advantage of another employer-provided benefit: a ride home. An automobile accident was a risk inherent in this activity. See *Pulliam v. Richmond County Bd. of Commrs.,* 184 Ga. App. 403, 404 (361 SE2d 544) (1987) (traffic accident is risk faced by patrol officer). Lee's injury, therefore, has sufficient causal connection to his employment that it may be deemed to have "arisen out of" his employment. *Macy's South,* supra at 663. Summary judgment was therefore appropriate.

*Judgment affirmed. Beasley, C. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED DECEMBER 10, 1996.

*Quinton T. Hudson & Associates, Lee C. Watkins III*, for appellant.

*Downey & Cleveland, Y. Kevin Williams, Richard A. Griggs*, for appellees.