A98A1830. MARK THE MOVER et al. v. LANCASTER.
(506 SE2d 673)

JOHNSON, Presiding Judge.

In this workers' compensation case, the State Board denied the claim on the ground the employee's injury did not arise out of and in the course of his employment, but the superior court concluded otherwise and reversed. Because there was evidence supporting the State Board's factual findings, we in turn reverse the superior court's decision.

Roland Lancaster was employed as an office worker by Mark the Mover, which was owned and operated by his son-in-law, Richard Whitehead. Lancaster's job duties consisted of answering the telephone, making moving arrangements, repairing furniture, and occasionally moving furniture. If he had to deliver any furniture, he usually drove a company truck or his own van. Whitehead provided him with a pager so that he could be contacted when needed.

In December 1995 Lancaster's own van broke down, and he began walking to work each day. He eventually became tired of walking to work, and on January 18, 1996, he borrowed Whitehead's personal vehicle until he could get his own van repaired. No restrictions were placed on his use of the borrowed vehicle. On the way to work the next day, Lancaster stopped at a restaurant for breakfast, and

while he was still there, he was paged to call the office. He tried several times, but the line was always busy, and eventually he proceeded to drive on to work. He was involved in a motor vehicle collision on the way and sustained injuries that have disabled him. At the hearing, Lancaster admitted that he would have driven to work after finishing his breakfast even if he had not received the page.

Generally, injuries sustained on the way to and from work are not compensable. *Corbin v. Liberty Mut. Ins. Co.*, 117 Ga. App. 823 (162 SE2d 226) (1968). But where the employer furnishes transportation as an incident of the employment for the mutual benefit of employer and employee in order to facilitate the progress of the work, an injury sustained on the way to and from work may be compensable. *Eickhorn v. Boatright*, 219 Ga. App. 895, 896 (2) (467 SE2d 214) (1996). Also, where the employee is "on call" and furnishes or is reimbursed for his transportation costs, an injury en route to or from work likewise may be compensable. *Corbin v. Liberty Mut. Ins. Co.*, supra.

In this case, however, the State Board found as fact that neither exception to the general rule applied. Specifically, the employer did not provide Lancaster's transportation as an incident of the employment for their mutual benefit to facilitate the progress of the work; rather, it was a situation where the employer, who happened to be the employee's son-in-law, loaned him a car as a favor until Lancaster could get his own vehicle repaired.

The State Board further noted that although Lancaster may have been an "on call" employee before his own vehicle broke down, that status ended when Lancaster began having to walk to work because of his lack of transportation, and it did not resume merely upon Lancaster borrowing his son-in-law/employer's personal car. Relying upon Lancaster's own admission, the State Board found that Lancaster would have been driving to work at the time of the injury even if he had not received a page, and thus his injury was not work-related.

Based on those factual findings, the State Board denied Lancaster's claim. On appeal, the superior court indicated that it "fully accepted the facts" as determined by the State Board, but found reversal necessary because the State Board "found facts which do not support the awards below as being contrary to law." However, from our review of the record, we conclude that "[w]hile the evidence did not demand the finding made by the board, the evidence was nevertheless sufficient to support it. Consequently, even if the evidence could reasonably be interpreted as the superior court did, the any evidence rule authorized the award. [Cits.]" *Winn Express Co. v. Hall*, 202 Ga. App. 45, 47 (413 SE2d 505) (1991). Accordingly, the superior

court erred in reversing the State Board's decision denying Lancaster's claim.

*Judgment reversed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 10, 1998.

*Donahue, Hoey, Rawls & Skesvold, Craig R. White,* for appellants.

*Edgar L. Crossett III, David T. Markle,* for appellee.