A99A1894. WADE et al. v. GEORGIA DIVERSIFIED INDUSTRIES, INC. et al.
(522 SE2d 746)

MCMURRAY, Presiding Judge.

Plaintiffs Estelle Wade and Joan W. Mannis, administrators of the estate of Jamie L. Wade, brought this tort action against defendants Georgia Diversified Industries, Inc. and Charles Ivey to recover for the wrongful death of Jamie Wade, who died from injuries received in an automobile accident while she was a passenger in a vehicle owned and operated by defendant Charles Ivey. Defendants jointly moved for summary judgment, arguing a tort action on behalf of an employee against an employer and a co-employee was barred because workers' compensation provided the plaintiffs' exclusive remedy under OCGA § 34-9-11 (a). This motion was granted, and plaintiffs appeal. *Held*:

Because there is conflicting evidence as to whether the fatal injuries to plaintiffs' decedent Jamie L. Wade arose out of and in the course of her employment with Diversified, we reverse the grant of summary judgment.[1]

Viewed in the light most favorable to plaintiffs as non-movants, the evidence authorizes the following facts:

Diversified admitted that Charles Ivey was its employee who was acting within the scope of his employment at the time of the incident. In fact, Ivey was president of defendant Diversified from its founding in 1980 as a non-profit corporation to his retirement in August 1997, after this incident. Diversified operates in part under a grant from the Georgia Department of Human Resources ("DHR") and exists to provide employment opportunities for people with disabilities, such as Jamie L. Wade, by performing "packaging services to different companies." As part of Diversified's contract with DHR,

---

[1] Defendants' motion to dismiss this appeal on the ground that plaintiffs' brief was untimely filed is denied.

Diversified received the use of two vans, titled in DHR but driven by Diversified employees. Diversified used these vans to "[pick] up the employees that needed transportation," but use of the vans was not mandatory. No Diversified employees were paid going to or from work. On an emergency basis, other vehicles were substituted to transport the employees. Wade had ridden in Ivey's truck on other occasions. Ivey had been reimbursed before for the business use of his personal vehicle, but had not submitted a claim for reimbursement for taking Wade home.

Jamie L. Wade was a Diversified employee who was paid on the basis of her production, that is, the number of packages she sealed. According to Ivey, Wade was dependent upon Diversified providing transportation to and from work unless, for some reason, her mother picked her up early. Any time she was asked to do so, Wade liked to work overtime. On the evening in question, Wade worked late, until 4:00 or 5:00 p.m., whereas her regular shift was from 7:30 a.m. to 2:30 p.m. Ivey used his personal pickup truck to drive three employees home, including Wade. After dropping off two employees, Ivey first intended to take Wade directly home, but then changed his mind and intended to return to Diversified. At that point, Ivey was not intending to do anything for Wade; rather "[s]he was [merely] a passenger in [Ivey's] car." In order to return to Diversified, Ivey needed to switch lanes and turn right onto Grassdale Road, but as he approached the intersection, Ivey rammed into the back of a truck stopped at the red light, causing Wade's injuries.

1. The rights and remedies granted to an employee by Title 34, Chapter 9, the Workers' Compensation Act provisions,

> shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service, or death; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tort-feasor, other than an employee of the same employer. . . .

OCGA § 34-9-11 (a).

So plaintiffs' tort action against Wade's employer Diversified and her co-employee Ivey is barred if her injuries amounted to a compensable work-related accident. *Dickey v. Harden*, 202 Ga. App. 645, 646 (414 SE2d 924). "Whether an injury arises out of and in the course of employment is generally a mixed question of law and fact." *Lee v. Sears*, 223 Ga. App. 897 (479 SE2d 196).

2. In this appeal, plaintiffs contend the trial court erred in concluding that Wade's injuries arose out of the course of her employ-

ment because she was injured in a co-employee's personal vehicle, after her work was completed. Plaintiffs rely on *Jose Andrade Painting v. Jaimes*, 207 Ga. App. 596 (428 SE2d 640), for the proposition that the employer must furnish a *company vehicle* as an incident of employment, in order for the injury to be compensable under workers' compensation. Because the evidence authorizes the inference that Wade's injuries occurred in the course of employer-supplied *transportation*, we do not agree with this contention. Nevertheless, because the evidence is conflicting whether Wade was injured within the scope of her employment, we reverse the grant of summary judgment.

> Generally, injuries sustained by an employee while going to or coming from his employment are not compensable, except in certain instances such as where the employer *furnishes transportation*[; or] where doing some act permitted or required by the employer and beneficial to the employer while en route to and from work[; or] where going to and from parking facilities provided by the employer[; or] in instances where an employee is on call and furnishes or is reimbursed for his transportation costs.

(Citations and punctuation omitted; emphasis supplied.) *Corbin v. Liberty Mut. Ins. Co.*, 117 Ga. App. 823 (162 SE2d 226). Accord *Indem. Ins. Co. of North America v. Bolen*, 106 Ga. App. 684, 687 (1) (127 SE2d 832). But an employee's gratuitous and permissive ride in the employer's vehicle, going back and forth between the employee's home and the employer's place of work, by mere favor and not in furtherance of the employer's business, will not justify a conclusion that the right to do so became an implied term of the contract of employment. *American Mut. &c. Ins. Co. v. Curry*, 187 Ga. 342, 343, hn. 2 (200 SE 150).

In the case sub judice, evidence that the moderately disabled Wade routinely relied on the DHR vans for transportation to and from work authorized a conclusion that employer-provided transportation was an implied term of her contract. And the fact that Ivey, Diversified's president, substituted his personal vehicle for the DHR van on this occasion because Wade and others worked late that night is evidence that employer-provided transportation home was to the benefit of Diversified and not a mere gratuity or courtesy, authorizing the conclusion that Wade was within the scope of her employment until she exited the employer's vehicle. *Lee v. Sears*, 223 Ga. App. 897 (1), supra; *Eickhorn v. Boatright*, 219 Ga. App. 895, 896 (2) (467 SE2d 214). Conversely, evidence that Wade was paid only for production, not by the hour or day; that she had ended her shift; that

she did not take a DHR van home at the regular time; that she was in the personal vehicle of Diversified's president, who had not been reimbursed for taking these three employees home in his own vehicle; and that it was Ivey's unilateral decision to return to Diversified before dropping off Wade authorized the conclusion that she was no longer within the scope of her employment at the time of the crash. *American Mut. &c. Ins. Co. v. Curry*, 187 Ga. at 359 (3), supra. From this evidence, a jury would be authorized to conclude that, as to plaintiffs' decedent Wade, the ride home by Ivey in his personal vehicle was a mere accommodation by a fellow employee and that Wade's injuries did not arise out of and in the scope of her employment, sealing packages at Diversified. *O'Kelley v. Gates*, 160 Ga. App. 400, 401 (287 SE2d 262). The legal consequence of such a finding is that this tort action is not barred by OCGA § 34-9-11 (a). The trial court erred in granting summary judgment to Diversified and Ivey as genuine issues of material fact remain for a jury to resolve.

*Judgment reversed. Johnson, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 24, 1999 —
RECONSIDERATION DENIED OCTOBER 4, 1999 — 

*White & Choate, Harry B. White*, for appellants.
*Kinney, Kemp, Sponcler, Joiner & Tharpe, Robert A. Cowan*, for appellees.