A05A2216. RAY BELL CONSTRUCTION COMPANY et al.
v. KING.
(625 SE2d 541)

BLACKBURN, Presiding Judge.

In this discretionary appeal, Ray Bell Construction Company and St. Paul Fire & Marine Insurance (collectively "Ray Bell") appeal a superior court order affirming an award of workers' compensation benefits to Angela King, the mother and guardian of the minor child

---

[7] Id. at 501 (1).

of Howard King, deceased, who was employed by Ray Bell. Ray Bell contends that no competent evidence supported the award. We disagree and affirm.

> When reviewing a workers' compensation award, the evidence must be construed in the light most favorable to the party prevailing before the appellate division. When supported by any evidence, findings of fact by the Board are conclusive and binding on reviewing courts, and judges lack authority to set aside an award based on disagreement with the Board's conclusions.

(Citation omitted.) *Ga.-Pacific Corp. v. Wilson.*[1]

So viewed, the record shows that Ray Bell employed Howard as a construction superintendent on a job site in Jackson, Butts County. As part of his employment, Howard lived in company housing in Fayetteville, provided by his employer so that he could live close to the job site. Ray Bell allowed Howard the use of a company-owned truck for work and personal use.

On a Sunday, prior to resuming work on Monday after being out for a week recovering from knee surgery, Howard drove in the company-owned truck from Fayetteville to Alamo, to deliver family furniture to a storage shed on property he owned. On Howard's return trip, he was severely injured in Monroe County (adjacent to Butts County) when another vehicle crossed the interstate median and collided with his vehicle. The administrative law judge ("ALJ") found that Howard, who was carrying Ray Bell tools in his truck, was returning to either his company housing in Fayetteville or to his job site in Butts County. Howard was taken to a hospital in Macon where he died the following day.

Pursuant to Georgia's workers' compensation statute, the ALJ cited to several doctrines to award dependency benefits to Angela, the mother and guardian of Howard's minor son. The Appellate Division of the State Board of Workers' Compensation (the "Board") affirmed the award but adopted only that portion of the ALJ's findings that relied on the "continuous employment" doctrine, which Board decision the superior court affirmed. Ray Bell filed this appeal.

To be compensable under Georgia workers' compensation law, an injury must arise "out of and in the course of the employment." OCGA § 34-9-1 (4). Ray Bell contends that the superior court erred because no evidence showed that Howard's fatal injury arose out of and in the course of his employment, in that Howard was engaged in a purely

---

[1] *Ga.-Pacific Corp. v. Wilson*, 240 Ga. App. 123, 124-125 (1) (522 SE2d 700) (1999).

personal mission when he was injured. Because evidence supported the Board's finding that the personal mission was at an end when the accident occurred, we affirm the Board's award in favor of Howard's family.

It is undisputed that Sunday, the day that Howard was injured, was not a regular working day for Howard, nor was he ever seen at the job site or otherwise working. However, as correctly held by the ALJ and by the Board, Howard was in a state of continuous employment: "The proper test to be applied is whether an employee while working away from his home is required by his employment to lodge and work within an area geographically limited by the necessity of being available for work on the employer's job site and is, in effect, in continuous employment." *Boyd Bros. Transp. Co. v. Fonville.*[2] Here, Howard was in continuous employment in that he was "required by [his] employment to lodge and work within an area geographically limited by the necessity of being available for work on the employer's job site." *Wilson v. Ga. Power Co.*[3] Based on the evidence, the Board found this to be the "Fayetteville/Jackson area." The continuous employment doctrine applies to traveling employees such as Howard precisely because they are required by their employment to lodge and work within a particular geographic area different from where they would otherwise be, and are therefore exposed to the *"perils of the highway* and the *hazards of hotels"* while traveling for work. (Punctuation omitted.) *Hartford Accident &c. Co. v. Welker.*[4] See also *Gen. Fire &c. Co. v. Bellflower.*[5] Therefore, the scope of Howard's employment status for workers' compensation purposes was broader than the typical employee. See *Wilson,* supra.

Nevertheless, "[t]his does not mean that [Howard could] not step aside from his employment for personal reasons, or reasons in no way connected with his employment, just as might an ordinary employee working on a schedule of hours at a fixed location." *Intl. Business Machines v. Bozardt.*[6] As found by the Board, Howard's trip to Alamo to deliver the furniture was precisely such an event, in which he stepped aside from his employer's business to attend to a personal mission.

But such a personal mission comes to an end when the traveling employee turns back to return to his lodging or work site. *London*

---

[2] *Boyd Bros. Transp. Co. v. Fonville,* 237 Ga. App. 721, 722 (516 SE2d 573) (1999).

[3] *Wilson v. Ga. Power Co.,* 128 Ga. App. 352, 353-354 (1) (196 SE2d 693) (1973).

[4] *Hartford Accident &c. Co. v. Welker,* 75 Ga. App. 594, 599 (2) (44 SE2d 160) (1947).

[5] *Gen. Fire &c. Co. v. Bellflower,* 123 Ga. App. 864, 869 (4) (182 SE2d 678) (1971).

[6] *Intl. Business Machines v. Bozardt,* 156 Ga. App. 794, 798 (275 SE2d 376) (1980).

*Guarantee &c. Co. v. Herndon.*[7] As *Herndon* explained, even assuming that Herndon may have taken a longer route "for his personal pleasure alone," the conclusion remains that when Herndon turned back to return to his apartment, "he again resumed the duties of his employment, and was so engaged when he met his death." Id. at 181.

Based on this doctrine, the Board here correctly concluded:

> In this case, the employee's accident did not arise on his way to Alamo, Georgia. Rather, the employee was injured by accident on his way to either his job site or his employer-provided apartment. The accident occurred while the employee was driving an employer-provided vehicle, carrying both personal and company tools. Thus, we find that while the employee arguably engaged in a deviation when he traveled to his storage shed in Alamo, Georgia, given all the evidence presented, the deviation had ended at the time of the accident.

This doctrine of "turning around," however, is not without qualification. It stands to reason that when the employee departs from his assigned geographic area to engage in a purely personal mission outside the designated area in which his employment requires him to be, an injury on such trip, even a return trip, does not arise out of and in the course of his employment under the continuous employment doctrine, while he is outside the designated area on personal business. *Lewis v. Chatham County &c. Comm.*[8] addressed the fact specific nature of such an inquiry:

> While we have found no cases which define the boundaries of these concepts in either time or space, we are inclined to believe that at some point a departure from the master's business may become so great that merely concluding the personal errand and turning back will not be viewed as a resumption of the employer's business. . . . This area of the continuum may be associated with cases which hold that injuries received by an employee while on a purely personal mission which bears no purpose of benefit for the employer do not arise out of and in the course of employment.
>
> In any event, since the boundaries of these categories are rather imprecisely defined and the determination of the appropriate group is largely a factual determination, the

---

[7] *London Guarantee &c. Co. v. Herndon*, 81 Ga. App. 178, 181-182 (58 SE2d 510) (1950).

[8] *Lewis v. Chatham County &c. Comm.*, 217 Ga. App. 534, 535 (458 SE2d 173) (1995).

Board is vested with a broad discretion in identifying which category in which to place the circumstances of a given claimant.

Indeed, a higher court's substitution of its judgment for that of the Board on such an issue constitutes reversible error. Id.

We will not substitute our judgment for that of the Board as to the precise bounds of the general Fayetteville/Jackson geographic area to which Howard was assigned. Here the accident took place in the adjacent county of Monroe. Therefore, some evidence supported the Board's implicit finding that such was within Howard's general geographic area and that accordingly his personal mission had ended at the time of the accident. Cf. *Lee v. Sears;*[9] *U. S. Fidelity &c. Co. v. Navarre;*[10] *Boyd Bros. Transp. Co.,* supra; *Herndon,* supra (employee "was still in the general proximity of the place where he was employed to be"). Although it would have been a better practice for the Board to have made an explicit finding that Howard was within his assigned geographic area at the time of the accident, we will not disturb the implicit finding of such where it is supported by evidence.

Since evidence supported the conclusion that Howard had completed his personal mission at the time he was injured, we must uphold the findings of the ALJ and the Board and affirm the award of benefits here.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED JANUARY 5, 2006 — 

*Edwin G. Russell, Jr.,* for appellants.
*Timothy V. Hanofee,* for appellee.

[9] *Lee v. Sears,* 223 Ga. App. 897 (479 SE2d 196) (1996).
[10] *U. S. Fidelity &c. Co. v. Navarre,* 147 Ga. App. 302 (248 SE2d 562) (1978).